BESSIE MITCHELL v. JAMES A. WADDELL, et al.

Eastern Section. December 18, 1926.

Petition for Certiorari denied by Supreme Court, April 19, 1927.

1. **Judgments.** **Judgment obtained in other suits and involved in the suit in equity held not res adjudicata.**
Where certain defendants had obtained judgment against complainant in the justice court and petitions for certiorari to have these judgments reviewed had been dismissed while the present equity suit was pending, held that under the evidence the cases were still pending and could not be urged as res adjudicata, in the present case.

2. **Judgments.** **Nothing more appearing it is presumed that a judgment has a sufficient basis in fact but the presumption may be overcome by evidence.**
Where there is nothing more appearing, there is a presumption that a judgment has a sufficient basis in fact, but when those claiming under such a judgment set forth themselves its impropriety, held that they thus afford an independent reason for estoppel to claim under it without any regard to any plea of res adjudicata as estopping others to deny their validity.

Appeal from Chancery Court, Greene County; Hon. S. E. Miller, Chancellor.

Modified and affirmed.

Susong & Susong, of Greeneville, for appellant.

Shoun, Swingle & Taylor and J. E. Biddle, of Greeneville, for appellee.

SNODGRASS, J. The original bill was filed to collect from defendants, Waddell and wife, a balance of a note of fifteen hundred dollars alleged in the bill to be the property of complainant, Bessie Mitchell, and to foreclose a lien to secure said balance of note on certain lands described in the bill. The note was dated Jan. 7, 1920, due Jan. 5, 1921, payable to the order of Bessie Mitchell, with interest after maturity, and providing for ten per cent additional as attorney's fees if placed in the hands of an attorney at law for collection, which it was provided should be added to and become a part of the judgment. This note was signed by the defendants, James A. Waddell and Florence Waddell. There was a credit of $875 paid on the note March 7, 1921; and it was the balance due on said note, alleged to be approximately $786, with ten per cent attorney's fee, that was alleged to be due.

The suit was somewhat complicated and became progressively so by reason of the efforts of certain of the defendants that had been made and were made to subject the proceeds of the note to the obligations of Mitchell, Renner and Bowers, a mercantile partnership composed of

H. C. Mitchell, the husband of complainant, and B. H. Renner and
Eunice Bowers, as the judgments against them would seem to indi-
cate.    This partnership was made party to the bill, as well as the
two defendant corporations who had obtained judgments against
the partnership, and sought by garnisheeing defendant James A.
Waddell to subject the indebtedness due by the note to the satisfaction
of their judgments.   Executions had issued on these two judgments,
and had been levied by summoning Waddell to answer what he
owed on the note.    The garnishee answered that he owed the com-
plainant Bessie Mitchell the balance on the note, and then judg-
ment was rendered against him for the balance admitted, notwith-
standing he answered that he owed Bessie Mitchell the note, and not-
withstanding the note was negotiable, and was absent in other hands,
possibly, and notwithstanding the complainant Bessie Mitchell had
not been made party to either of the suits wherein judgments had
been taken against the partnership.    These judgments, of course,
were void as against the complainant in this case, Bessie Mitchell,
though the character of answer of the garnishee and his acquiescence
in the judgments may have entailed a situation where he might have
been compelled to pay the notes twice.    However, the two other mem-
bers of the partnership, as it appears from the proceedings, Renner
and Bowers, having purchased, as they claimed, a two-thirds interest
in the partnership from Mitchell and his wife, evidently fearing
that the proceedings had not secured them, sued out attachments ac-
companied by civil warrants against the defendant Mitchell and his
wife, the present complainant, under the claim of liability that
Mitchell and his wife were primarily liable for the debts to the two
corporations, as well as other debts, having, it was claimed, incurred
them before the organization of the firm under which these two part-
ners had purchased a two-thirds interest, under the representations,
it was claimed, of Mitchell and his wife that the firm at the time only
owed about fifteen hundred dollars, whereas it was claimed the debts
were twenty-five hundred dollars, and that having under these rep-
resentations purchased the goods in bulk, without having observed
the statutory provision in such cases, they had made themselves liable
for a debt that should have been discharged by Mitchell and his
wife, who it was claimed constituted the partnership at the time
the debts to the defendant corporations were made.    These two de-
fendants, B. H. Renner and Eunice Bowers, sought in this premise
of liability judgments against Mitchell and his wife, suing out the
process above referred to.    The officer seems not to have executed the
attachment part of the process, but served the civil warrants on
Mitchell and his wife, setting the trial before the justice on the 10th
day of May, 1922.    This trial was not attended by either of the de-
fendants, but Mrs. Bessie Mitchell sought and thought she had ob-
tained a continuance of these latter cases, the obligation having been

split up by Renner and Bowers, as it was thought, to give jurisdiction to the Justice of the Peace, to conform to the two former suits against them, so that on the day of trial, the 10th day of May, 1922, judgment was taken in favor of B. H. Renner and Eunice Bowers against Mitchell and his wife, in one of the cases for $355.12, and in the other for $226.22.

It seems that complainant made an examination of the justice's records afterwards, and before filing the bill, and discovered the condition of the proceedings with reference to the judgments relating to the defendant corporations, and that the attachment in the Renner and Bowers case had not been executed, and, not finding any further record of cases against her on the Justice of the Peace's docket, concluded that that was all there was against her. It seems that the Renner and Bowers cases were not indexed nor docketed in such a way as to make them easily found, and was told by those having the docket in charge, as she insists, that that was all. It is proper to state that in the record of these two judgments there was also the record of an alleged garnishment of defendant Waddell and judgment against him as garnishee in the latter cases also.

Complainant filed her bill alleging that she was not and never had been a member of the mercantile partnership, had never within her knowledge been held out as such, and was not and never was responsible for any of its debts; that the note was her individual property. The bill alleged the void character of the proceedings that were attacked therein under which the debt evidenced by the note had been sought to be appropriated, asked for judgment on the note, that the lien be foreclosed as indicated, and prayed for general relief.

The defendants B. H. Renner and Eunice Bowers joined with them Ralph Renner, under a claim that he had an interest with B. H. Renner, and who it seems for the first time thus became a party, without formal application or objection, and the defendants Armitage Wholesale Grocery Company and the H. T. Hackney Company filed their joint answer as a cross-bill, in which it was alleged that the firm of Mitchell, Renner & Bowers is composed of H. C. Mitchell, B. H. Renner, Ralph Renner and Eunice Bowers; that they are successors in the retail grocery business to the Mitchell Grocery Company; that the business of Mitchell, Renner & Bowers is owned, one-third by H. C. Mitchell, one-third by Eunice Bowers, and one-third by B. H. Renner and son, Ralph Renner. It ·was alleged that they do not know whether the complainant is interested in the one-third interest in the present business or not, but that she was claiming a one-third interest therein. They deny that she had no interest in the old business of Mitchell Grocery Company, but aver that she did have an interest in said business and was a partner in that business; that her name appeared on the license, and also on the bond at the time the license was taken out; that she held herself out as a partner in the

business of the Mitchell Grocery Company; that she and her husband H. C. Mitchell constituted said company; that only was this so, but she had repeatedly admitted that she had an interest in the business, etc., etc., and that credit had been extended the firm on the faith of her being a partner in and connected therewith. It was stated that B. H. Renner and son, Ralph Renner, and Eunice Bowers purchased from H. C. Mitchell and wife a two-thirds interest in the stock of groceries formerly belonging to the Mitchell Grocery Company; that defendants assumed no part of the indebtedness against the firm of the Mitchell Grocery Company; that while they knew there were some outstanding obligations against the firm they did not know that it amounted to so much; that H. C. Mitchell represented that the indebtedness against the Mitchell Grocery Company would aggregate something like $1500, but instead if it being $1500 it amounted to something like $2500; that Renner and Bowers were not obligated to pay, as stated, any part of said indebtedness, and while they did not comply with the terms and provisions of the bulk sales law, they had relied in a measure upon the statements of H. C. Mitchell as to what the indebtedness was and by whom held; that they recognize they are probably liable under the bulk sales statute for the indebtedness, or at least that the stock of groceries is so liable. It was admitted that the defendants, Armitage Wholesale Grocery Company instituted suit against H. C. Mitchell, B. H. Renner and Eunice Bowers before D. A. Lintz, a Justice of the Peace for Greene county; Tennessee and obtained a judgment against them in the sum of $226.-22; that this judgment was rendered on May 3, 1922, and was against B. H. Renner, H. C. Mitchell and Eunice Bowers, which it was insisted was not the complete firm. It was also admitted that the defendant H. T. Hackney Company, a corporation, obtained a judgment before D. A. Lintz, a Justice of the Peace for Greene county, in the sum of $355.12, insisting that the amount stated in the original bill ($371.48) was incorrect, but that the difference between $355.12 and $371.48 is the cost of the cause. It was admitted that complainant was not a party to either of these suits, and that no process was served upon her in them, but it was denied that complainant had never been sued; on the contrary it was averred that B. H. Renner and Eunice Bowers did bring suit against complainant and husband on May 9, 1922; that at the time they sued out two attachments against said complainant and husband, H. C. Mitchell; that these were placed in the hands of an officer to be served; that a summons accompanied the attachment, and that in fact was a part of the attachment; that the summons was served on the complainant and her husband H. C. Mitchell in both cases; that owing to the fact that the officer was unable to find any property belonging to complainant upon which he could levy attachment, H. C. Mitchell and complainant Bessie Mitchell were cited to appear and defend the suit against them

before D. A. Lintz, Justice of the Peace, at eight o'clock, a. m., May 10, 1922.

Without undertaking to set out the allegations of this answer and cross-bill, it was averred that on the day cited neither H. C. Mitchell nor his wife appeared, and that judgments went against them for the amount of the debts due the Armitage Wholesale Grocery Company and the H. C. Hackney Company, and that these judgments were not appealed from by complainant nor her husband. It was averred that while complainant was not a party to the other suits she knew of their pendency, but that as to the suits of Renner and Bowers no appeal was taken, and that these judgments are now on the docket unpaid; that complainant as to this had never denied her liability and, as stated, made no defense. Averring the validity of the Renner and Bowers judgments and the validity of the garnishment attachment thereon against Waddell, it was claimed the complainant admitted that she now held the note; it was sought to have them all declared valid and have the proceeds of the note applied to the satisfaction of the debts due. It was admitted that the note was payable to the order of Bessie Mitchell, that it bore the credit claimed, and it was admitted that the balance of the note was due and unpaid. It was denied that the complainant was entitled to the proceeds of the note. It was claimed that defendants had garnisheed Waddell, who it was said admitted the indebtedness and was willing to pay it to the party entitled. Defendants averred that these judgments were valid, and that they were entitled to have the proceeds applied in satisfaction of the debts due the Mitchell Grocery Company. They sought also, under an allegation that the complainant had fraudulently attempted to transfer the note and that she would endeavor to collect said note from the defendant Waddell or dispose of it, an injunction to prevent this. They averred that they had already reached and were entitled to the proceeds of the note, and that defendants Renner and Bowers will be compelled to pay the judgments now against them which should be paid by the Mitchell Grocery Company. They prayed for an injunction, and also for an attachment to be levied upon the property of Bessie Mitchell, and that if necessary James A. Waddell be garnisheed to appear and show how much he is indebted to the cross-defendant on the note in question, and that if necessary cross-complainants have a judgment against cross-defendant Bessie Mitchell for the amount due them or either of them from the Mitchell Grocery Company; that in the event the court should hold for any reason that the judgments in their favor are void, they ask that Waddell pay the proceeds of the said note into court in this cause, and for general relief.

An injunction and attachment issued and were served, the latter by garnishment upon Waddell. Original complainant filed an answer to this cross-bill, setting up the statements of her original bill; de-

nied that any summons accompanied the attachments in the suits of Renner and Bowers, and averred that the attachments were simply ignored and never treated seriously by complainants themselves, after they were sued out and no property found. She denied that there was any legal or sufficient judgment of record against her for the accounts of the Armitage Wholesale Grocery Company or the H. T. Hackney Company, or that she knew of the pendency of the suits until after the judgments had been rendered, or that she was connected in any way with the judgments, and avers that no judgment was rendered in said suits against her; that there was no judgment for said Renner and Bowers, and that there was no judgment or reason of any kind justifying said Renner and Bowers in suing out said attachment writs, and the answer denied all allegations of fraud.

Defendants Waddell and wife filed their joint answer as a cross-bill in the nature of an interpleader, in which they admitted that they justly owed the balance on the note, but denied that they should be held liable for attorney's fees for reasons stated in their answer, nor for interest beyond the point of October 5, 1922, which they tendered into court minus the attorney's fee, but which too they averred a willingness to pay into court, if the court thought under the circumstances they should do so. They set out in their answer the various garnishments and attachments taken against Waddell, and sought to be relieved of any such judgments that might be revealed in the processes of the present suit; to be allowed to pay the money into court and that the court determine to whom it was going, and that they be discharged from further liability.

Original complainant filed an answer to this cross-bill insisting upon the payment of attorney's fee, and that she should not be deprived of her interest because others had enjoined him from paying the note. This seems to have been a pretty good reason, but as no appeal was taken from the failure to allow attorney's fees, the matter need not be further noticed. Pro confesso was taken as to the other defendants to this cross-bill.

Proof it seems was taken at this stage of the pleadings, disclosing to the original complainant the judgments in favor of B. H. Renner and Eunice Bowers, if she had not discovered it otherwise, and she thereupon filed an amended bill in March, 1924, setting out that notwithstanding diligent search was made by the complainant and her counsel and careful inquiry made by both of them in the office of D. A. Lintz, Justice of the Peace before the filing of the bill, it later developed that the following judgments appear upon the docket. The bill then set out the judgments, as follows:

"P. 217 Magistrate's Civil Docket D. A. Lintz J. P.

"Summons Issued.

"9th day of May, 1922 to T. E. Pickering, Constable No. 429. Date of trial 10th day of May, 1922 8 a. m. B. H. Renner and Eunice Bowers v. H. C. Mitchell and wife Bessie Mitchell.

"In this case I render judgment in favor of B. H. Renner and Eunice Bowers for $355.12 and costs for which execution may issue this May 10, 1922.

"(signed) D. A. Lintz, J. P."

Then followed also an attachment against W. A. Waddell, garnishee for the same amount, with costs, signed by the Justice of the Peace, dated likewise May 10, 1922, reciting that Bessie Mitchell was the garnisheed and H. T. Hackney Company the garnishor.

Next. "Summons issued 9th day of May, 1922 to T. E. Pickering, Constable No. 430. Date of trial 10th day of May, 1922 8 a. m. Parties named. B. H. Renner & Eunice Bowers v. H. C. Mitchell and wife, Bessie Mitchell.

"In this case I render judgment in favor of B. H. Renner and Eunice Bowers for two hundred twenty-six dollars and twenty-two cents ($226.22) and against H. C. and Bessie Mitchell for which execution may issue. This May 10, 1922. D. A. Lintz J. P."

Then followed a judgment as of same date for same amount against James A. Waddell, garnishee, wherein it was recited that Bessie Mitchell is the garnisheed, and the Armitage Wholesale Grocery Company the garnishor.

The bill sets out the pages of the justice's docket where these judgments and others are to be found, and with respect thereto charges:

"This remarkable set of judgments was discovered after it was too late to appeal. Instead of attempting to amend this bill at the time both judgments were taken up by writ of certiorari to the circuit court with the view of proving their irregularity and injustice and having them dismissed to clear up this record. Their petitions for certiorari were dismissed in that court on the insistence of counsel for the defendants Renner and Bowers that these matters were involved in this case in chancery court and that they were enjoined from collecting these judgments or enforcing them, and that the whole matter would be settled in this case. The Circuit Judge recalled that he had signed fiat for injunction, and it was his recollection that the injunctions were sweeping in this case and cover these matters and he dismissed the petitions unless the injunctions in this case are made broad enough to cover these two judgments, the defendants will be liable under them and subject to the annoyance and loss of action under them."

It was alleged that the attachments were based on judgments in favor of the Armitage Wholesale Grocery Company and the H. T.

Hackney Grocery Company, which was the basis of the original bill and would have been covered in the original bill but for the fact that they did not appear and could not be found on the docket of the justice before the original bill was filed; that they seemed to be follow-up records of the defendants Renner and Bowers to get some ground for action against the complainant after they had failed with their abortive effort and illegal executions and garnishment proceedings, and that they are based on the other debts and judgments involved in this case and set up in the original bill; that in short they are based on the same judgments and, if allowed to stand, would leave defendants liable on the judgments involved in this case through executions from the magistrate's court, notwithstanding the same matters are being litigated in this cause in this court. The bill continued:

"Complainant therefore shows that she will suffer dire injustice and irreparable injury unless the defendants and cross-complainants here are restrained from seeking to collect. They show that said judgments were procured fraudulently and after the Justice of the Peace had told the complainant that the cause would be continued on account of her illness, and that when she searched for the judgments they were not to be found, and were not shown her by the said justice; and that her appeal or certiorari through misrepresentation of defendants' counsel and erroneous recollection of the trial of the Circuit Judge and that regardless of these facts, they are the same matters which are here being tried in this court; they are based on the absolutely void judgments and every element involved in them is involved in the present suit."

It was prayed that a writ of injunction issue restraining and inhibiting Eunice Bowers and B. H. Renner and their agents and representatives from further prosecutions of any suit or action before a Justice of the Peace elsewhere based on the original judgments in favor of the H. T. Hackney Grocery Company and the Armitage Wholesale Grocery Company involved in this.cause, and on any alleged liability of complainant to them, and that on the hearing defendants B. H. Renner and Eunice Bowers be perpetually enjoined from further prosecuting any suits based on or growing out of the judgments which are the basis of this suit.

The answer of B. H. Renner, Ralph Renner and Eunice Bowers was filed jointly to this amendment, in which they admitted the judgment rendered against Bessie Mitchell and H. C. Mitchell in favor of B. H. Renner and Eunice Bowers, but as to what search was made for them it was stated respondents knew nothing. It was admitted that the judgments were entered on the day the case was set for trial, and that complainant should have known of them. It was insisted that the first judgment appearing on page 217 of D. A. Lintz's docket was not correctly copied; that the judgment as copied

there does not show whom it was against, except in the caption; that in the body of the judgment as it appeared of record it is rendered against H. C. Mitchell and wife, Bessie Mitchell; that this applied to the judgment against them for $355.12. The other judgment it was admitted was correctly copied. After explaining the judgment as stated in their answer and cross-bill, and after insisting that Mrs. Mitchell was a partner and liable to a number of creditors, among them the two judgment creditors of the Mitchell Grocery Company, it was stated that they did not pay their debts, and that the Armitage Wholesale Grocery Company and the H. T. Hackney Company brought suit before D. A. Lintz against H. C. Mitchell and defendants B. H. Renner and Eunice Bowers; that defendants had purchased the stock of goods belonging to Mitchell and wife, and that no notice had been given as required by the bulk sales statute to creditors of the company, and it was because of this that they were included in the original suit and judgment obtained against them for the amount of the debts of the said Armitage Wholesale Grocery Company and the H. T. Hackney Company; that when judgment was rendered against them for these debts, for which they were not liable, B. H. Renner and Eunice Bowers immediately sued said Bessie Mitchell, who was not a party to the original suit, and thereupon obtained judgment against her for the amount of the judgments which had been obtained against them in favor of said companies; that it was these judgments that were attempted to be set out in the bill, though not altogether correctly copied; but it was averred that the judgments were rendered against said Bessie Mitchell, and also against H. C. Mitchell for the amounts of the judgments which were procured against them in favor of the Armitage and Hackney Grocery companies. After some further explanations it was insisted that the judgments were regular, and that they could not be collaterally attacked in this proceeding. It was averred that the complainant Bessie Mitchell while not appealing the case, and taking the judgments against her to the circuit court for reasons which she now sets out in this amendment, took the case to the circuit court by certiorari and supersedeas, alleging the very identical set of facts for not appealing as set out in this petition; that the case was heard by the Honorable D. A. Vines, Circuit Judge on December 20, 1923, and that he dismissed the petitions for certiorari and supersedeas because no grounds were shown for same; that the defendants thereupon prayed an appeal to the Court of Civil Appeals, but did not prosecute the same; that an exact copy of the judgment rendered in that proceeding dismissing the petition for certiorari and supersedeas of Bessie Mitchell is filed herewith marked "Exhibit A" and made a part of this answer. It was denied that the case was dismissed as alleged in the amendment, because of the proceedings pending in

this court, though it is admitted that proceedings were mentioned by the court in passing upon the question, but it was insisted that the court dismissed the petitions for certiorari and supersedeas because the defendants failed to show ground for not appealing. It was averred that the judgments are in all respects regular and valid; that Bessie Mitchell owes the debt; that it was the debt of the Mitchell Grocery Company before the defendants' Renner and Bowers became interested in it; that it was a debt the Mitchell Grocery Company ought to pay; that Bessie Mitchell was a partner in said business and liable for said debts. They averred that the questions of liability of the complainant Bessie Mitchell have been adjudicated against her by the magistrates judgments as heretofore set out, and as alleged in the amendment to the bill, and that defendants here plead and rely upon res adjudicata in bar of this suit. Furthermore they relied upon the fact that these judgments cannot be collaterally attacked, as it was sought to do in this case; that as stated complainant makes no attack upon the validity of these judgments, and that the judgments themselves show that they are in all respects regular and valid; that the things alleged in the amendment to this bill are the very questions relied upon by complainant Bessie Mitchell in her case in the circuit court when the case was tried in that court and was dismissed, the court holding that plaintiff (the complainant here) had no ground for certiorari and supersedeas. It was insisted that she was therefore barred from taking any further steps.

The pleadings have been set out sufficiently and at some length because of the questions made, and because an analysis of what appears therein simplifies the questions to be determined. We think insofar as the judgments rendered against the H. C. Mitchell Grocery Company, composed as appears from the judgments, of H. C. Mitchell, B. H. Renner and Eunice Bowers, there can be no doubt that they were void insofar as they might affect the original complainant Bessie Mitchell, because, as was insisted, she was not a party to either of these causes, nor in the state of the pleadings do they now affect defendants Waddell and wife, except insofar as the indebtedness evidenced by the note has been impounded in this cause. Waddell and wife sought to be relieved of the Justice of the Peace. Judgments in their answer and cross-bill, also from the payment of attorney's fee provided for in the note, and to be allowed to pay into court the balance due on the note, with interest, and to be discharged from further liability. Pro confesso was taken on this cross-bill as to all the defendants except original complainant Bessie Mitchell, who answered. The Chancellor allowed the prayer of Waddell and wife and ascertained in his decree the amount due to be with interest to October 12, 1922 the sum of $799.96, and there was no appeal from this part of the decree. The Chancellor also

found on the hearing that the original complainant was not a partner in the firm of H. C. Mitchell Grocery Company, and that there was no evidence in the record to show that she was ever held out as such or liable for the firm's debts; that she was not liable in any way to the creditors of said firm, nor in fact to the cross-complainants B. H. and Ralph Renner and Eunice Bowers, and that the Justice of the Peace judgments were in no shape as to be binding upon complainant; that while the proof is not entirely clear as to what occurred upon the petition of certiorari to the circuit court and as to whether all four judgments were taken up, he was of opinion that complainant should have been entitled to the relief asked and have had her day in court to show whether or not she was liable to Renner and Bowers. He awarded a recovery in favor of original complainant against Waddell and wife for the balance of the note with interest, as stated, and enjoined the Justice of the Peace judgments insofar as they might affect the original complainant, gave judgment against B. H. Renner and Eunice Bowers (Renner and Bowers) for the costs of the cause, and strangely directed the Master to pay to Shoun, Swingle & Milligan, solicitors for J. A. Waddell and Florence Waddell any balance of funds in her hands belonging to Waddell and wife. It is recited that to the action of the court the defendants B. H. Renner and Eunice Bowers (Renner & Bowers) except and pray an appeal to the next term of the Court of Appeals, which was allowed, and they were given thirty days within which to perfect and appeal. Appeal was perfected by a bond executed by B. H. Renner and Eunice Bowers and Ralph Renner recited as principals, together with securities, to be void if the three shall prosecute successfully an appeal to the next term of the Court of Civil Appeals sitting at Knoxville, etc., by them prayed from a judgment rendered against them in favor of said Mrs. Bessie Mitchell in the chancery court of Green county, etc., etc.

The appeal thus perfected the defendants or cross-defendants have made four assignments of error, attacking only the decree of the court as it affected the judgment which B. H. Renner and Eunice Bowers obtained against the original complainant, and as it related to costs. These assignments of error are as follows:

"1. The court erred in holding that the judgments which the defendants, B. H. Renner and Eunice Bowers, held or obtained against the complainant, Bessie Mitchell, for $355.12, and for $266.22, respectively, before D. A. Lintz, Justice of the Peace for Greene county, Tennessee, and which judgments appear in the record under date of May 10, 1922, were invalid and void for any reason, and were not collectible from the funds attached in this case. The court should have held that these judgments were valid and binding upon the complainant, Bessie Mitchell, and that the fund in court, which

had been attached by defendants, should have been applied in the payment of said judgments, including the interest and costs thereon.''

''2. The court erred in denying the defendants a recovery against Bessie Mitchell for the amounts due them on said judgments, and ordering same to be paid from the funds now in court, being the amount paid in by the defendant Waddell, including the costs of the case, and inhibiting and restraining defendants from collecting said judgments.''

''3. The court also erred in not holding that the judgments which defendants B. H. Renner and Eunice Bowers obtained against complainant, Bessie Mitchell, as set out in assignment No. 1, could not be collaterally attacked in this case, and were res adjudicata, and said judgments were in all respects valid and binding upon complainant.''

''4. The court also erred in taxing the defendants, B. H. Renner and Eunice Bowers with the costs of the case.''

We think from the foregoing that the only serious question before this court is, as to whether or not the record sufficiently sustains the plea of res adjudicata as to the judgments before the Justice of the Peace, obtained by B. H. Renner and Eunice Bowers against the original complainant, Mrs. Bessie Mitchell and her husband, and, therefore, as to whether they were properly enjoined. The record shows that these judgments were so obtained against them before the Justice of the Peace, upon a summons issued and served, and which the amended bill of the said Bessie Mitchell charges were taken to the circuit court and there dismissed upon false and fraudulent misrepresentations. The answer denies these allegations of false and fraudulent misrepresentation, and they are not proven. The answer insists that the certiorari proceedings were dismissed because no sufficient reason appeared therein for not appealing the case, and filed as an exhibit the order of the court dismissing the same averred to be an exact record of what was done. The representations that the judgments were not discovered in time to appeal might have been a sufficient excuse, though the Circuit Judge may have considered that it did not disprove negligence. But whether it was sufficient or not, by the orignal summons and the certiorari proceedings she was then having her day in court, which was to be concluded in the court first reaching a determination, if nothing was interposed arresting the progress in either forum. The bill states the petitions were dismissed. If such a dismissal was had upon fraudulent misrepresentations at the time, as insisted by the bill, the court in the present case could have inquired into them and, if true, upon the amended bill was authorized to set aside such dismissal and itself do justice unfettered by the action of the Circuit

Judge. But as stated, if they were not proven, then no basis existed for setting aside the judgments upon those grounds and the dismissals would have left them intact for whatever efficacy they offered upon the plea of res adjudicata. This plea itself was informal and unsworn to, but no objection was made in this regard, and the record of the dismissal is in one entry, whereas it seems there were two suits and petitions. The record of the dismissal, a copy of which is filed as "Exhibit A" to the answer, shows that a conditional appeal was granted, and the answer says that it was not perfected. This alleged latter fact would have required proof to change the case from one pending to one adjudged, and the amended bill might perhaps have furnished this proof in the allegation that the petitions (which were filed during the pendency of this suit) had been dismissed, had not the answer to the amended bill brought forward a record of the judgment, which was claimed to have been the only effectual dismissal of said petitions. We think therefore it sufficiently appears from said judgment of dismissal that the cases are still pending, or that the record in this case presents no sufficient obstacle to doing complete justice in disposing of the matters.

We concur with the Chancellor that the proof in the case shows that the original complainant was not a partner in the firm of H. C. Mitchell Grocery Company, either at the time of the purchase of an interest in the stock of goods by defendants and cross-complainants, or at any other time, and that she had not been held out as such with her knowledge, nor does it appear from the proof that she made or was responsible for any false representations. It therefore appears that she owed and could have owed nothing to either the creditors of the H. C. Mitchell Grocery Company nor to the defendants B. H. Renner and Eunice Bowers, nor to Ralph Renner (who it seems was not noticed in these judgments) by reason of the purchase of an interest in the partnership, which thereafter became so constituted.

There was no necessitous reason for making any of the other defendants parties to the original application to collect the note and foreclose the lien against Waddell and wife, though the other defendants (except Ralph Renner) had intermeddled with the note debtor by processes that did not affect in any conclusive way the original complainant. They were made parties, however, and in their answer they disclose the fact that Ralph Renner also was interested as an original purchaser to the extent of one-half of B. H. Renner's one-third, and was liable also with H. C. Mitchell, B. H. Renner and Eunice Bowers, if they were, in the amounts due the defendants Armitage Wholesale Grocery Company and the H. T. Hackney Company, as a partnership, and in no event would Mrs. Mitchell had she been a partner have been liable to B. H. Renner and Eunice Bowers as individuals for the full amount of such recoveries, simply

because she had been a partner, nor unless such amount had been paid for her. If a liability existed as was alleged, it would have existed against the old partnership; and, if in favor of individuals, only in such amounts as had actually been paid to the use of such firm. The two judgments which the record discloses through the pleadings and as the evidence thereof filters through the construction of witnesses, were judgments in favor of B. H. Renner and Eunice Bowers against H. C. Mitchell and his wife, Bessie Mitchell, which the answer and cross-bill of defendants and the answer of defendants to the amended bill of original complainant show were for firm matters, upon judgments taken against the new firm, in which Ralph Renner was not made a party. Of course it is conceivable that the original complainant Bessie Mitchell and her husband H. C. Mitchell could have been indebted to B. H. Renner and Eunice Bowers in the sums mentioned, and had the pleadings not set forth reasons for and the nature of the liability, the presumption would have been that the two judgments had a sufficient basis in fact, and the verity which they imparted would have been a sufficient guaranty of their integrity. But when those claiming under such judgments set forth themselves their impropriety we think they thus afford an independent reason for estoppel to claim under them, without regard to any plea of res adjudicata as estopping others to deny their validity. The bill only avers an actual payment to the use of the alleged old partnership in the sum of about $400, and discloses assets still existing from the old in the present partnership of the H. C. Mitchell Grocery Company, though it is claimed that the debts of the old partnership still outstanding will more than consume it. The pleadings established that there were two petitions for certiorari, if not more, and, while the amended bill says they were dismissed, the answer to the amended bill files what it says was the exact order of the court in relation thereto as an evidence, and the best evidence of what was done in the causes, and that order is as follows:

" 'Exhibit A.' B. H. Renner, et al. v. Mrs. Bessie Mitchell, et al., in the circuit court for Greene county, Tennessee. This cause came on for hearing on this December 20, 1923, before the Hon. D. A. Vines, Circuit Judge, without the intervention of a jury, upon the issues made upon the petition for certiorari filed in the case by Mrs. Bessie Mitchell, and after the introduction of proof upon these issues and the introduction of the record, the court is of the opinion that there is no ground for certiorari and is accordingly dismissed; and the petitioner and the sureties upon her prosecution bond are taxed with the costs of the cause, to collect which execution is awarded. The defendant moved for a new trial on the ground that there was proof to support the judgment and the proof preponderates against the

judgment, which motion was heard and overruled, to which defendant excepted and prayed an appeal to the next term of the Court of Civil Appeals at Knoxville, Tennessee, which prayer was granted, and defendant is allowed thirty days to give bond and sixty days to perfect appeal.''

No wonder the Chancellor said ''the proof is not entirely clear upon what occurred upon petitions for certiorari in the circuit court.'' It having been shown that there were two petitions complaining of different judgments in favor of Renner and Bowers in separate cases, an ambiguity is shown which renders the judgment of dismissal void on its face, and this would leave these two cases still pending in the circuit court, addressed to which status there was no plea.

In this view of the case we do not think the plea of res adjudicata as to the defendants B. H. Renner and Eunice Bowers was sustained, more especially as plead by the three, and, had it been supported, its only effect would be to manifest that there was error in the Chancellor enjoining the same, and they would have been allowed to stand, though not as effecting the other relief sought in this cause, for it does not appear that B. H. Renner and Eunice Bowers had obtained any lien upon the note sued on or its proceeds, except as they may have been impounded in this cause, the merits of which discharge it.

The judgments on the garnishment taken against Waddell were void. They appear to have been taken on the same day the original judgments were taken, May 10, 1922. No process is filed supporting this extraordinary procedure. If it was had it was upon an execution improperly issued, and therefore those individuals obtained no lien, even had it been shown that the note was in the hands of complainant, Bessie Mitchell, when the garnishment was served, which they did not. However, all these claims vanished anyway upon the interpleading cross-bill of Waddell and wife.

We do not think there was anything in the way of the Chancellor's decree as it stood. He found, as stated, that there was never any liability of original complainant to any of the parties upon the claims put forth, and as incident to giving complete relief he enjoined the two judgments which two of the partners showed they had improperly obtained against original complainant upon partnership matters with which she was not concerned or obligated. There was no error in the decree of the Chancellor, except as to the direction of the payment of any funds belonging to Waddell and wife to Shoun, Swingle & Milligan, for which there appears to be no support in the record, and the same is discharged.

The assignments of error are all overruled and the Chancellor's decree affirmed, with the modification indicated, with costs against appellants and their sureties.

Portrum and Thompson, JJ., concur.