**Harold Eugene SMITH, Plaintiff,**

v.

**METROPOLITAN DEVELOPMENT HOUSING AGENCY, By and Through its Executive Director, Gerald F. NICELY; Bob Howard; and Paul Jennings, Defendants.**

No. 3–93–0421.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 29, 1994.

Bob Lynch, Jr., Nashville, TN, Tom Nacarato, Lexington, TN, for plaintiff.

James Leo Murphy, III, Metropolitan Legal Dept., Nashville, TN, Warren Davidson Broemel, Jones, Rogers & Fitzpatrick, Nashville, TN, George Edward Barrett, Barrett, Johnston & Parsley, Nashville, TN, for defendants.

## MEMORANDUM

WISEMAN, District Judge.

This case arose out of a dispute in state court regarding the ownership of a certain property located at 521 Southgate Avenue, in Nashville (hereinafter referred to as "the condemned property" or "the property"). The question of who owned the property was clearly answered several times by state courts in various actions between the plaintiff, Harold Smith, and his father, James Smith, and between James Smith and the defendant, the Metropolitan Development Housing Authority (hereinafter the "MDHA"), in this case. As the state court decisions were all adverse to the plaintiff, he has raised the following claims in federal court: a claim under 42 U.S.C. § 1983, based on the assumption that he had been deprived by state actors of his property rights in the condemned property without due process of law, an equal protection claim, and several claims under state law.

### I

Harold Smith, the plaintiff, was involved in ongoing litigation in state court against his father regarding the ownership of the house in which he was living. He lost in the General Sessions Court for Davidson County and on the first appeal to the Circuit Court of Davidson County, and in June, 1992 he filed notice of appeal of this judgment. On July 10, 1992, MDHA obtained a judgment in the Third Circuit Court of Davidson County condemning this property, and sent a notice to Mr. Smith that they would take possession of the premises on July 14, which they proceeded to do. Mr. Smith would not leave the house, so the MDHA official in charge of the condemnation, Bob Howard, had him arrested for trespassing on July 15, 1992.

Although the two state court decisions in his litigation against his father held that he had no legal ownership rights in the property, Mr. Smith claims that he had an equitable interest in the house. As such, he asserts a claim for violation of a state statute mandating a five day notice before condemned property can be confiscated. He claims that he should have been given relocation assistance pursuant to another state statute. He insists that the lack of notice constituted deprivation of property without due process and thus violated the Fourteenth Amendment. He believes he is entitled to recover for damages caused by this alleged violation under 42 U.S.C. § 1983. Next, he claims that his arrest for trespassing constituted malicious prosecution, false arrest and imprisonment, and abuse of process. In addition, he makes an equal protection claim based on a racial remark allegedly made by Mr. Bob Howard.

The defendants moved for summary judgment on the grounds that all of the plaintiff's claims relied on the assertion that he had property rights in the condemned property, a fact which the state courts had resolved negatively. They claimed the state court proceedings, which had led to rulings that Mr. Harold Smith's father, James Smith, was the legal owner of the property, precluded relitigation of this issue in the present case due to the doctrine of res judicata. Mr. Harold Smith responded that since his appeal of the state court decision was pending at the time of the condemnation, there was no final judgment resolving this issue and thus res judicata could not apply. He added that he abandoned the appeal after his property was confiscated and some of it was damaged or destroyed in the commission of the condemnation, believing an appeal at that point to be moot.

## II

### A. Res Judicata

It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, and conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves a different form of proceeding, or whether the second action is upon the same or different cause of action, subject matter, claim, or demand, as the earlier action.

*Davis v. McKinnon & Mooney,* 266 F.2d 870, 872 (6th Cir.1959).

■ In other words, in determining whether the doctrine of res judicata will apply in a given case, three questions must be answered. "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" *In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Dayton Ohio, on March 9, 1967,* 350 F.Supp. 757, 765 (S.D.Ohio 1972), *rev'd on other grounds, Humphreys v. Tann,* 487 F.2d 666 (6th Cir.1973), *cert. denied, Tann v. Humphreys,* 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 307 (1974), *remanded,* 386 F.Supp. 908 (S.D.Ohio 1975). This test would appear to be satisfied in the instant case with regard to the issue of plaintiff's lack of property rights in the condemned property. The only one of these criteria in any doubt would be the second one, finality of judgment. Plaintiff contends that since he filed an appeal of the judgment of the Circuit Court of Davidson County in his action against his father, this judgment is not final.

■ The general rule in federal courts with regard to the effect of res judicata on pending appeals, which was established in the Supreme Court decision of *Deposit Bank v. Frankfort,* 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276 (1903), is that the "preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided." Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure,* § 4433 (1986). The Sixth Circuit has clearly accepted this rule. "The established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal." *Erebia v. Chrysler Plastic Prods. Corp.,* 891 F.2d 1212 (6th Cir.1989). Other Supreme Court decisions have reaffirmed this rule, and applied it to cases where an appeal had been filed but not perfected, like Harold Smith's appeal in the present case. "[T]he judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected." *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950); *accord: Angel v. Bullington,* 330 U.S. 183, 189, 67 S.Ct. 657, 660, 91 L.Ed. 832 (1947); *Hubbell v. United States,* 171 U.S. 203, 210, 18 S.Ct. 828, 831, 43 L.Ed. 136 (1898), *aff'd,* 179 U.S. 77, 21 S.Ct. 24, 45 L.Ed. 95 (1900). In fact, this rule has been broadly interpreted to mean that " 'a decision which is based on the res judicata effect of a previous decision will stand until directly overruled, even though the case relied on is later overruled.' " *Overseas Motors, Inc. v. Import Motors Ltd.,* 375 F.Supp. 499, 517, n. 59 (E.D.Mich.1974), *aff'd* 519 F.2d 119 (6th Cir.1975), *cert. denied* 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975), *citing Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932).

Federal Courts have also cited the principle of res judicata in reference to issues already decided in state court decisions. *Kurek v. Pleasure Driveway and Park District of Peoria* 557 F.2d 580, 595 (7th Cir.1977), *vacated on other grounds,* 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81, *remanded on other grounds,* 583 F.2d 378 (7th Cir.1978), *cert. denied,* 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979); *Haberen v. Lehigh & New England Ry.,* 554 F.2d 581, 583, n. 1 (3d Cir.1977). In a relatively recent Sixth Circuit decision, the court held that when issues

which may be raised in federal court are raised by the plaintiff in state court first, decisions by the state courts on these issues will have res judicata effect if these issues are subsequently raised in federal court. *Wicker v. Board of Educ. of Knott County, Ky.*, 826 F.2d 442, 448–449 (6th Cir.1987). In a case with great factual similarity to the instant case, where plaintiffs sought first (unsuccessfully), in Tennessee state court, and later, in federal court, damages and the return of property which had been condemned, the U.S. District Court for the Eastern District of Tennessee held that the Tennessee judgment must be accorded res judicata effect in federal court. *Chambers v. Colonial Pipeline Co.*, 296 F.Supp. 555 (E.D.Tenn. 1968), *app. dismissed*, 408 F.2d 678 (6th Cir. 1969), *cert. denied*, 396 U.S. 1020, 90 S.Ct. 590, 24 L.Ed.2d 512 (1970), *reh'g denied*, 397 U.S. 929, 90 S.Ct. 937, 25 L.Ed.2d 112 (1970).

■ In general, where a matter previously adjudicated in state court is raised in a federal court, the federal court will refer to state law in order to determine whether the doctrine of res judicata is applicable. *Whitfield v. City of Knoxville*, 756 F.2d 455 (6th Cir.1985). The rule under Tennessee law is articulated in *McBurney v. Aldrich*, 816 S.W.2d 30 (Tenn.App.1991). *McBurney* confuses the law in this area somewhat, although its factual and procedural complexities are quite distinguishable from the present case. To bolster its holding in *McBurney*, the Court of Appeals cited several sources for the proposition that a judgment is not final and does not have res judicata effects where an appeal is pending. While the *McBurney* decision did not address the res judicata effects of an abandoned or unperfected appeal, like Mr. Smith's, two of the three sources it relied on for its rule on this issue did address this. *Id.* at 34, *citing Batey v. Overmyer Warehouse Co.*, 60 Tenn.App. 310, 446 S.W.2d 686 (1969); 50 C.J.S. *Judgments* § 623; *Mitchell v. Waddell*, 6 Tenn.App. 589 (1926). The narrow holding in *Batey* does not apply to the present case, which is distinguishable. 446 S.W.2d 686. However, the C.J.S. section cited and the court in *Mitchell* agreed that where an appeal has not been perfected, it should be deemed "adjudged" and not pending, and res judicata should take

effect. *Mitchell*, 6 Tenn.App. at 600–601, 50 C.J.S. *Judgments* § 623. Therefore, even under the unusually strict standard of *McBurney*, the unperfected status of Mr. Smith's appeal would prevent him from avoiding the effects of res judicata.

### B. *Summary Judgment*

■ If, in accordance with the body of precedent described above, we conclude that the issue of whether Mr. Smith had any property rights in the condemned property is precluded by the adverse state court decisions, then the plaintiff's claim under 42 U.S.C. § 1983 would appear to have no basis. Summary judgment should be granted when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The state statutes that the plaintiff cited in his response as entitling him to notice and relocation assistance refer to individuals with legal property rights and not to squatters. The cases he cited in support of his due process claim, *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (a question of due process with regard to discipline in schools), *McCulloch v. Glasgow*, 620 F.2d 47 (5th Cir.1980) (regarding a dispute between an adverse possessor and an easement holder, rather than a clear title holder like James Smith) and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, *reh'g denied*, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972) (a constitutional challenge to state replevin statutes), are all distinguishable. These are all cases in which the plaintiffs had some kind of property right or interest, which the state courts have established is not the case here. There is no question that Mr. Smith does not own the condemned property, and so he was not owed due process before being deprived of it. These were the only possible issues of material fact relevant to the plaintiff's 42 U.S.C. § 1983 claim. Therefore, summary judgment will be granted against the plaintiff on this claim.

■ Likewise, summary judgment should be granted on the only other federal claim

Mr. Smith asserts. In his complaint, Mr. Smith alleged Bob Howard made a racial remark. Based on this remark, he asserted that if he had not been African–American, he would not have been treated as he was by the MDHA. The res judicata effect of the conclusion of the state courts that Mr. Smith did not own the property leaves no genuine issue of material fact with regard to this equal protection claim. The MDHA could not have unfairly deprived him of property in which he had no ownership rights.

### C. *Supplemental Jurisdiction*

■ It is not necessary for this Court to rule on Mr. Smith's claims under state law, which include claims for false arrest and imprisonment, malicious prosecution and abuse of process. This Court only had jurisdiction over these claims due to supplemental jurisdiction, stemming from its federal question jurisdiction over the 42 U.S.C. § 1983 claim and the equal protection claim. In order for a federal court to have pendant jurisdiction over a state law claim, the federal claim must have substance. *Kayser–Roth Corp. v. Textile Workers Union of America, AFL–CIO,* 479 F.2d 524, 526 (6th Cir.), *cert. denied,* 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973); *Management Investors v. United Mine Workers of America,* 459 F.Supp. 90, 91 (E.D.Tenn.1978), *aff'd,* 610 F.2d 384 (6th Cir.1979). Since summary judgment has been granted on the plaintiff's federal law claims, they can no longer serve as the basis for supplemental jurisdiction over the plaintiff's state law claims. For this reason, this Court declines jurisdiction over Mr. Smith's claims of false arrest and imprisonment, malicious prosecution, and abuse of process, and dismisses them without prejudice.

### III

For the reasons stated above, the defendants' motion for summary judgment shall be granted against the plaintiff on his federal claims, and the state claims shall be dismissed without prejudice. An order in accord shall issue.