# HUBBELL *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 198. Argued April 13, 14, 1898. — Decided May 31, 1898.

On the findings and the facts detailed in the statement and in the opinion of this court, it is held that a former judgment of the Court of Claims in an action by Hubbell against the United States in favor of the defendant was upon the same cause of action which is set up in this suit, and, it not having been reversed, or set aside, or appealed from, the claim herein set up is *res judicata*, and the plaintiff is estopped from prosecuting it in this action.

THIS was an appeal from a judgment of the Court of Claims dismissing the petition of William Wheeler Hubbell, who, as patentee of an "improvement in cartridges," claimed that the United States had manufactured and used cartridges covered by his patent under an implied contract to pay a reasonable royalty therefor.

The petition contained, amongst others, the following allegations : That "your petitioner is the first and original inventor of an improvement in cartridges, for which letters patent of the United States were granted to him in due form of law, and, according to law, dated and issued the 18th day of February, A.D. 1879, vesting in him the exclusive right to make, vend and use the same for seventeen years from the date thereof.

"Your petitioner has pending a suit for compensation up to March 31, 1883, case No. 13,793, in the Court of Claims, and has never sued any officer nor brought any other suit than that before this present petition.

"Your petitioner prays for an account of the full and entire number of the said cartridges made or used by the defendant, its officers or employés in its service, or for distribution to the States, since the said March 31, 1883, to be separately stated when ordered, and for leave to make the same a part of this petition when precisely ascertained by amendment.

"Your petitioner further claims a just compensation for the making or use by the defendant, its authorized officers or employés, for its service, of his said patented invention of cartridge, to wit: he claims the sum of one hundred and ten thousand dollars due to him on this behalf by the United States from the 31st March, 1883, up to May 31, 1888.

"And he prays for judgment for all making or use of his said patented invention from the said 31st March, 1883, to said 31st May, 1888, by the defendant, its authorized officers or employés in its service, or on its behalf, in pursuance of law, in the sum of one hundred and ten thousand dollars, with leave to amend his petition in this behalf when the precise numbers have been duly reported by the proper departments of the United States."

Upon the trial of this case the Court of Claims made, amongst others, the following finding :

"The facts in this case are the facts already found in case No. 13,793, between the same parties as to the same subject-matter, except as to the time since the beginning of the other action, during which time, to wit, from the beginning of the other action to the beginning of this action, the Government manufactured cartridges of the same form and kind as those described in these findings, known as the ' reloading ' cartridge, in which said case No. 13,793 the following proceedings were had and the following facts were found, which facts are now found herein and are hereto annexed, as follows, to and including finding VIII."

The IXth finding is as follows :

"The following are, in substance, the proceedings had in case No. 13,793 between the same parties:

"April 19, 1883.　Petition filed.

"May 18, 1883.　Amendment to petition filed by allowance of judge at chambers.

"June 4, 1883.　Traverse filed.

"July 25, 1883.　Amendment to petition filed and allowed.

"October 2, 1884.　Amendment to petition filed and allowed.

"December 15, 1884.　Amendment to petition allowed.

"January 10, 1885.　Claimant's requests for facts and brief filed.

" April 9, 1885.   Additional brief for claimant filed.

" April 13, 1885.   Defendants' requests for facts and brief filed.

" April 16, 1885.   Argued and submitted.

" April 16, 1885.   Claimant's brief of argument filed.

" April 20, 1885.   Waiver filed by claimant.

" June 1, 1885.   Davis, J., filed the opinion of the court. Petition dismissed.   Findings of fact filed.

" August 14, 1885.   Motions for new trial, amendment of findings and for reversal of judgment filed by claimant.

" August 21, 1885.   Application for appeal filed by claimant.

" December 14, 1885.   Motion of claimant for new trial overruled, with leave to submit to the consideration of the court.   Findings II, III, IV amended in the form requested by claimant in his motion, subject to objection of the defendants to their allowance.

" October 8, 1886.   Claimant's request for findings of fact filed under order of court.

" March 15, 1887.   Requests, etc., of October 8, 1886, ordered to law docket.

" April 15, 1889.   Motion to amend findings continued.

" November 18, 1889.   Continued.

" November 12, 1891.   Motion of claimant to amend order of court filed.

" November 16, 1891.   Motion of claimant to amend order of court heretofore entered as to the evidence to be used on the trial allowed, subject to objections of defendants on the argument."

Upon these and other facts found, the court dismissed the petition, but as no opinion was filed, the reasons for this judgment do not appear.

Subsequently additional findings were made, but as they are not material, they are not here repeated.

From the judgment of the Court of Claims dismissing his petition, petitioner applied for and was allowed an appeal to this court.

*Mr. F. P. Dewees* and *Mr. George S. Boutwell* for appellant.

*Mr. Charles C. Binney* for appellees. *Mr. Assistant Attorney General Pradt* was on his brief.

Mr. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

As the claimant in his petition relies only upon the patent of February 18, 1879, No. 212,313, for an improvement in cartridges, and as the proceedings in the former suit in the Court of Claims were based, in part at least, upon this patent, it will not be necessary to refer to any prior patents.

The only defence we are called upon to consider is that of *res adjudicata.* As bearing upon this defence the following facts are pertinent:

April 19, 1883, claimant filed his petition in the Court of Claims for a royalty upon cartridges and primers alleged by him to have been manufactured by the United States under his patents, between February 18, 1879, and March 31, 1883;

June 1, 1885, this petition, after having been several times amended, was dismissed and findings of facts filed;

August 14, 1885, motions for new trial, amendment of findings, and for reversal of judgment were filed by the claimant;

August 21, 1885, application for appeal was filed by claimant, but such appeal does not appear to have been allowed;

December 14, 1885, motion for new trial was overruled by the court, and the claimant was given leave to submit to the consideration of the court certain amended findings, subject, however, to objection of the defendants as to their allowance;

October 8, 1886, claimant's request for findings was filed under order of the court, and on March 15, 1887, it was ordered to the law docket;

The argument was deferred from time to time until November 16, 1891, when the motion of claimant to amend an order of court as to evidence was allowed subject to the objections of the defendants on the argument.

The petition under consideration was filed June 11, 1888,

after the first petition had been dismissed by the Court of Claims, and is based upon the patent issued February 18, 1879, which was one of the patents involved in the first petition. A claim is made in this petition for royalty upon cartridges manufactured, in accordance with this patent, and used by the United States for nearly six years prior to the filing of this petition, but subsequent to the time of the filing of the first petition.

In this connection the court has found that the facts in the case under consideration are the same as those in the prior case, except as to the time since the beginning of the other action, during which time, to wit, from the beginning of the other action to the beginning of this action, the Government manufactured cartridges of the same form and kind as those described in these findings.

1. As the prior action was between the same parties, and was based in part, at least, and principally, upon the same patent, it would appear that the judgment of the court dismissing the petition would operate as a complete estoppel to the present suit, unless the proceedings subsequent to the judgment in the former suit in some way deprived that judgment of its force and effect as *res adjudicata.* 3 Robinson on Patents, § 1017.

While the record of the former case was not sent up with the transcript from the Court of Claims, it appears from the petition in the case under consideration that, at the time the petition was filed, there was a suit pending by the petitioner in the Court of Claims in case No. 13,793, for compensation up to March 31, 1883; and, in the findings, that the facts in both cases were the same, except as to the time covered by the petitions. The identity of the two actions with respect to the parties, the subject-matter and the facts sufficiently appear. As it further appears that the petition in the former case was dismissed upon an opinion filed and certain findings of fact, it will be presumed to have been dismissed upon the merits, *Loudenback* v. *Collins,* 4 Ohio St. 251; and that such dismissal covered every question put in issue by the pleadings, including the validity of the patent and its use by the defendants.

But if there were any doubt with regard to this point, it would be resolved by an inspection of the opinion of the court (which may be examined for the purposes of identification), as it is published in 20 Court of Claims, 354, wherein it not only appears that the case was considered and disposed of upon the merits, but the court concludes its opinion (p. 370) in the following language:

"Upon our construction of the patent in issue the Government cartridges do not infringe the claimant's; but if we are in error as to this, still the claimant cannot recover, as the essential characteristics of his invention now found in the Government cartridge were developed by officers of the army in 1864. That is, if the relative position of the vents and the wall of the fulminate chamber is a material part of the claimant's patent, the Government has not infringed, this feature not appearing in its cartridges; but if this position is not material, still the claimant cannot recover, as the other characteristics of his invention, found in the cartridge now used by the defendants, were introduced by them prior to the use of the patent or the filing of the application for it, and even prior to the application of 1865."

Whether the reasons given by the Court of Claims for the dismissal of this petition are correct or not; whether, indeed, this judgment were right or wrong upon the facts presented, is of no importance here. If such judgment were based upon an erroneous view of the claimant's patent, it was his duty to have promptly taken an appeal to this court, where the whole case would have been reopened and the error of the Court of Claims, if such there was, would have been rectified.

It is insisted by the claimant that in the former action the main contention arose upon the manufacture and use of what was known as the "cup-anvil cartridge," together with a certain reloading cartridge, which had been experimentally manufactured, and that no claims for the "cup-anvil cartridge" or for the reloading cartridge in that suit are in issue in the case at bar. The suit, however, was upon the same patent, and it was found by the Court of Claims to have been upon the same facts, and we think the estoppel operates upon every-

thing which was, if not upon everything which might have been, put in issue in the former case. The presumption is that the issues were the same, and if they were in fact different, it was incumbent upon the claimant to show that the prior case was decided upon questions not involved herein. We have before us only a decision upon the merits, and upon the same state of facts, of a claim identical with this, and we perceive no reason why it should not operate as an estoppel.

But there seems to be nothing upon which to base claimant's argument that the issues were not the same. The findings show that the manufacture of the reloading cartridge with the grooved anvil disk, referred to in finding VI, commenced at the Frankfort Arsenal in the month of July, 1879, and that from February, 1879, to March 31, 1883, being the period covered by the first suit, the United States manufactured 3,866,352 reloading cartridges. We see nothing to indicate that these reloading cartridges were manufactured experimentally, or that the issue as to these cartridges was not presented and decided in the former case. The claim in the present suit is also for reloading cartridges.

But, even if a somewhat different theory or state of facts were developed upon the trial of the second case, the former judgment would not operate the less as an estoppel, since the patentee cannot bring suit against an infringer upon a certain state of facts, and after a dismissal of his action, bring another suit against the same party upon the same state of facts, and recover upon a different theory. The judgment in the first action is a complete estoppel in favor of the successful party in a subsequent action upon the same state of facts. Walker on Patents, § 468; *Duboise* v. *Phil. Wilm. & Balt. Railroad*, 5 Fisher, 208; *Bradley Mfg. Co.* v. *Eagle Mfg. Co.*, 57 Fed. Rep. 980.

2. It only remains to consider, then, whether any proceedings taken in the Court of Claims since the dismissal of such petition deprived its judgment of its character as an estoppel. A motion for a new trial was made August 14, 1885, but as this motion was overruled in the following December, clearly this would not deprive the judgment of its efficacy as a plea

in bar. Indeed, it may well be doubted whether the pendency of a motion for a new trial would interfere in any way with the operation of the judgment as an estoppel. *Harris* v. *Barnhart*, 97 California, 546; *Chase* v. *Jefferson*, 1 Houston, (Del.) 257; *Young* v. *Brehe*, 19 Nevada, 379.

3. It further appears that on August 21, 1885, an application for an appeal was filed by the claimant, but as this appeal was never allowed or perfected, and as it does not appear that a transcript of the record was ever filed in this court, it is obvious that the authorities which hold that an appeal perfected to a superior court vacates the judgment of the court below, have no application to this case.

We are therefore of opinion that the defence of *res adjudicata* is sustained, and the judgment of the Court of Claims dismissing the petition is, accordingly,

*Affirmed.*