in conformity to the law. That alone would not be ground for reversal, because there would be no prejudicial error. It is, however, a serious error and must fall with the other fatalities to which reference is herein made.

Holding thus, the judgment of the lower court is hereby reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LEVINE, J., concurs.
VICKERY, J., not participating.

---

DAUGHERTY *v.* THE STATE OF OHIO.

*Criminal law—Motion for new trial—Section 13746, General Code—Motion not a "pleading"—Such motion prerequisite to review by error proceeding—Purpose of motion for new trial—Final judgment and sentence not suspended thereby—Overruling motion not condition precedent to sentencing or rendering judgment—Sentence may be pronounced immediately after verdict returned—Motion may be decided before or after sentence pronounced—Sentence may be passed before motion heard—New trial may be granted after sentence.*

1. Motion for new trial under Section 13746, General Code, is not a "pleading."
2. Under Section 13746, General Code, party claiming to be prejudiced in his substantial rights by jury verdict of conviction for an alleged offense must advise court of same by written motion for new trial before reviewing court will consider same.
3. Purpose of motion for new trial under Section 13746, Gen-

eral Code, is to advise trial judge of all claimed errors occurring at trial, so that he may have opportunity of correcting them, or, if necessary, grant new trial, and granting or denial of motion is within sound discretion of trial judge.

4. Filing of motion for new trial under Section 13746, General Code, does not as matter of law suspend final judgment or sentence until after trial judge overrules motion, and overruling of motion is not condition precedent to passing of sentence on accused or entry of final judgment.

5. Where defendant was convicted of highway robbery, trial judge, if satisfied that no errors during trial prejudiced defendant's rights, had legal right to pronounce sentence immediately after verdict.

6. In criminal prosecution, it is matter of discretion whether or not trial court passes on motion for new trial under Section 13746, General Code, before or after sentence.

7. Where defendant was convicted of highway robbery, and hearing on motion for new trial filed next day was set for date on which both parties could agree, it was not abuse of discretion for court to pass sentence on defendant before hearing on motion.

8. If court after sentence, on hearing of motion for new trial, is satisfied that motion should be sustained, it may be done and accused granted new trial.

(Decided May 25, 1925.)

ERROR:   Court of Appeals for Licking county.

*Messrs. Jones, Jones & Overturf,* for plaintiff in error.

*Mr. H. C. Ashcraft,* prosecuting attorney, for defendant in error.

HOUCK, P. J.   This cause is here on error to the common pleas court of Licking county.   Upon trial to a jury in the common pleas court, the plaintiff in error, Harry Daugherty, was found guilty of the

crime of highway robbery. A motion for a new trial was filed by the defendant on the following day. When the case came on for sentence, the court stated to counsel for defendant, and to the prosecuting attorney, that the motion for a new trial would be heard at a time agreeable to both parties, and sentenced the defendant to the Ohio Penitentiary.

Afterwards, on the 25th day of February, 1925, the motion for new trial came on to be heard. Defendant's counsel offered no affidavits of newly discovered evidence. The court overruled the motion, as appears in the journal entry of the common pleas court, which reads as follows:

"This day, February 25, 1925, came the state of Ohio, by H. C. Ashcraft, prosecuting attorney, also came the defendant by his counsel, and this cause came on for hearing upon the motion filed by the defendant for a new trial.

"And the court, being fully advised in the premises, finds that said motion is not well taken and overrules the same, to which ruling of the court counsel for the defendant then and there excepted."

Question: Under these record facts, was the accused prejudiced, and is he entitled to have the judgment against him reversed?

The claim of learned counsel for plaintiff in error as set forth in their brief is as follows:

"If this judgment is allowed to stand, courts are sustained in sending people to penal institutions before their rights have been passed upon. The real judgment in a criminal case is the judgment of the court as represented by the sentence. The verdict is nothing more than a finding of fact. It

is the sentence of the court founded upon the jury's verdict that is the judgment. To permit such procedure as this is to allow courts to incarcerate people without determining their rights that the laws of Ohio give them. The law is that in a criminal case the defendant, if found guilty, shall have three days within which to file a motion for a new trial for the purpose of giving the defendant an opportunity to have the court pass upon the legality and fairness of the trial that resulted in the jury's verdict of guilty. In the present case the court in effect denied the defendant the right to have his motion for a new trial properly presented to the court. Such proceedings, resulting in defendant's incarceration in a penal institution, certainly cannot be said to be not prejudicial to him, when one of the grounds of his motion was newly discovered evidence.

"We feel that the record in the case is not only prejudicial to the rights of the plaintiff in error, but that, in addition, it is bad practice and should not be sustained."

It is well known that in past years a motion for a new trial in some instances would not be passed upon for weeks and months; the delay being caused by counsel not being ready to orally argue same, and, even after argument, by the court not passing upon it for some time. During the interim, the accused would remain in jail awaiting final disposition of the motion. However, in recent years, and especially in the larger counties of our state, immediately after a verdict of conviction is returned by the jury the accused is sentenced, and

later, if a motion for a new trial is filed, the court hears and determines it.

At this time we do not feel it necessary to discuss the question raised by counsel—whether this custom is good practice, and whether or not it should be continued or discontinued. We shall content ourselves in passing upon the real contention in this case, viz.: Has the plaintiff in error been so prejudiced by the failure or refusal of the trial judge to pass upon his motion for a new trial before sentence as to require and authorize a judgment of reversal by a reviewing court?

We feel that it will be conceded that a motion for a new trial is not a pleading. Then what is the aim, object, and purpose, in law, of a motion for a new trial?

Section 13746, General Code, provides:

"The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and, except for the cause of newly discovered evidence material for the person applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be filed within three days after the verdict was rendered unless unavoidably prevented."

It is made necessary by said provision of our statutory law for a party claiming to be prejudiced in his substantial rights by a jury verdict of conviction for an alleged offense to advise the trial court of same by written motion for a new trial, especially calling the attention of the court to his respective claims of prejudicial error, thereby exhausting his remedy in the trial court before a reviewing court will consider the same.

The purpose of a motion for a new trial is to advise the trial judge of any and all claimed errors occurring at the trial, so that he may have an opportunity of correcting them, or, if necessary, to grant a new trial.

In other words, the office of a motion for a new trial is to give an opportunity to the court hearing the case to correct errors which may have been made and thus save the time and expense of an appeal or proceeding in error. The motion addresses itself to the sound discretion of the trial judge.

Yet, after all, does the filing of a motion for a new trial, as a matter of law, suspend final judgment or sentence until after the trial judge overrules it; or is the overruling of a motion for a new trial, where one is filed, a condition precedent to the passing of sentence on the accused or the entering of final judgment in the case by the trial judge? We think not.

The verdict of the jury, in the instant case, convicted the plaintiff in error of the crime of highway robbery, and then and there, if the trial judge was satisfied that no errors prejudicial to the rights of the accused had occurred at or during the trial, he had in our judgment the legal right to pronounce sentence upon the accused on the verdict of conviction. True, he could possibly have waited three days, or three months, or longer, if he had desired so to do, but why delay if he was satisfied the verdict was responsive to the proven facts and the law governing them?

We find and hold that it is simply a matter of discretion whether or not the trial court passes

upon the motion for a new trial before or after sentence.

No abuse of discretion appearing in the record on the part of the court in not passing upon the motion before sentence, it follows that the accused was not prejudiced thereby.

However, after sentence, if upon hearing of a motion for a new trial the court is satisfied the motion should be sustained, it may be done. Hence, after sentence, if the substantial and legal rights of the accused have been prejudiced, the motion for a new trial should be sustained and the accused granted a new trial. As already stated, we are not here passing upon the question whether we approve, recommend, or indorse such procedure, as being the best or safest to pursue, but are addressing ourselves only to the legal aspects.

We find and hold that a motion for a new trial does not suspend or in any way prevent the trial judge from passing sentence while such motion is pending and before it is overruled. In support of this rule we quote 20 Ruling Case Law, 308, Section 89:

"A motion for a new trial, in the absence of an order of the court to that effect, does not stay or suspend the operation of a final judgment. In the language of the United States Supreme Court, 'it may well be doubted whether the pendency of a motion for a new trial would interfere in any way with the operation of the judgment as an estoppel.'"

See *Hubbell* v. *United States,* 171 U. S., 203, 18 S. Ct., 828, 43 L. Ed., 136.

"The judgment cannot be reversed on the ground

that the sentence was passed pending the motion for a new trial. Upon such a record it must be presumed that the motion for a new trial was abandoned before judgment. *Young* v. *State,* 6 Ohio, 435, 437.'' (Cited in the case of *Blackburn* v. *State,* 25 Ohio St., 554.)

After a careful review of the record facts and the authorities bearing on the same, we are fully convinced that there are no errors of record prejudicial to the rights of plaintiff in error, and the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and PATTERSON, JJ., concur.