The UNION NATIONAL BANK OF YOUNGSTOWN, OHIO, Trustee of the Leon A. Beeghly Fund

v.

The UNITED STATES.

The UNION NATIONAL BANK OF YOUNGSTOWN, OHIO, Trustee of the Leon A. Beeghly Fund, and the Cold Metal Process Company

v.

The UNITED STATES.

Nos. 49085, 49281.

United States Court of Claims.

Jan. 11, 1955.

William H. Webb, Washington, D. C., for plaintiffs.

T. Hayward Brown, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

These cases come before the court on plaintiffs' motions to strike certain paragraphs of defendant's answers.

In these actions plaintiffs are seeking recovery from defendant of their reasonable and entire compensation for the unlicensed and unlawful use by defendant of the inventions described in and covered by U. S. Letters Patent No. 1,744,016 and No. 1,779,195. There are two counts in each petition, the first of which relates to the unlicensed and unlawful use of the inventions of said patents by or for the defendant acting by or through the Defense Plant Corporation. The second count of each petition relates to unlicensed and unlawful use of the inventions covered by said patents by others acting on behalf of the defendant.

Defendant, in each case, has filed answer in 50 paragraphs, including a number of paragraphs, namely 31, 43, 45, 46, 47, and 49, which plaintiffs say contain immaterial, impertinent, scandalous allegations which are insufficient as defenses in these actions, and that they assert matters which have been adjudicated adversely to the defendant in United States v. Cold Metal Process Co., D.C., 62 F.Supp. 127, affirmed, 6 Cir., 164 F.2d 754, certiorari denied 334 U.S. 811, 68 S.Ct. 1016, 92 L.Ed. 1742, petition for rehearing denied 334 U.S. 835, 68 S.Ct. 1343, 92 L.Ed. 1761.

Plaintiffs have moved, pursuant to rule 16 of this court, to strike said paragraphs of answer on the grounds as stated above.

Defendant admits in argument and in its brief that the parties to both suits are the same, but says that since different legal claims were asserted in the cancellation case, United States v. Cold Metal Process Co., supra, from those asserted here, plaintiffs' motion to strike should be denied.

We cannot agree with the contention of defendant. The authorities are to the contrary. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262; Henderson v. U. S. Radiator Corporation, 10 Cir., 78 F.2d 674; Southern Pacific Railroad Company v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; National Labor Relations Board v. Brown & Root Inc., 8 Cir., 203 F.2d 139; Hubbell v. United States, 171 U.S. 203, 209, 18 S.Ct. 828, 43 L.Ed. 136; Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444; State of Oklahoma v. State of Texas, 256 U.S. 70, 85, 41 S.Ct. 420, 65 L.Ed. 831; Tait v. Western Maryland Railway Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Larsen v. Northland Transportation Co., 292 U.S. 20, 25, 54 S.Ct. 584, 78 L.Ed. 1096.

Therefore, paragraphs 31, 43, 45, 46, 47, and 49 should be stricken for the reason that the issues raised thereby are *res judicata* against the defendant here and not a defense in these actions.

It is so ordered.

JONES, C. J., and MADDEN, WHITAKER and LITTLETON, JJ., concur.