**IN–SINK–ERATOR MANUFACTURING COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**WASTE KING CORPORATION, a California corporation, Defendant.**

**Civ. A. No. 62 C 1990.**

United States District Court
N. D. Illinois, E. D.
May 28, 1964.

Charles B. Cannon, Chicago, Ill., for plaintiff.

Hofgren, Brady, Wegner, Allen & Stellman, Chicago, Ill., for defendant.

JULIUS J. HOFFMAN, District Judge.

The controlling question presented in this action concerns the interpretation and application of an agreement of compromise and settlement which disposed of prior litigation between these parties.

In this suit the plaintiff seeks a declaratory judgment, with incidental equitable relief, adjudicating its non-liability for charged infringement of Letters Patent No. 2,879,949. Relief is sought in two counts. Count I of the complaint alleges the invalidity of the patent and the absence of infringement by the plaintiff. Count II avers that the plaintiff is protected from the claims of infringement asserted by the defendant by reason of the release provisions of the compromise agreement entered into between the parties. Upon the plaintiff's motion, a separate trial was held on the claim presented in Count II, setting up the release, since the disposition of that claim might render unnecessary an extended trial of the issues of validity and infringement tendered by Count I.

From the evidence introduced at that trial it appears that the plaintiff and defendant are competing manufacturers of electric garbage disposers designed for installation in household kitchens sinks. The plaintiff, In-Sink-Erator Manufacturing Company, is a Wisconsin corporation with its principal place of business in the city of Racine, Wisconsin. The defendant, Waste King Corporation, is incorporated under the laws of California with its principal place of business in Los Angeles. The complaint alleges the existence of a genuine controversy concerning the defendant's extra-judicial assertions that the plaintiff's products involve infringement of the defendant's patent. Jurisdiction is based on the Declaratory Judgment Act, 28 U.S.C. § 2201, upon diversity of citizenship, 28 U.S.C. § 1332, and upon the ground that the claims of the complaint arise under the patent laws of the United States, 28 U.S.C. §§ 1331, 1338. See Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852 (7 Cir. 1937).

The current controversy began on August 23, 1962, when counsel for the defendant, Waste King, wrote a letter to the plaintiff charging infringement of patent No. 2,879,949, and more particularly, of the disclosures of Claim 7 of that patent, relating to a mounting assembly utilizing a grooved thin wall steel sleeve or strainer flange and snap ring construction for installing a garbage disposer unit in the kitchen sink. The defendant, Waste King, it appears, is the exclusive licensee with power to sue for infringement of this patent, originally issued to Hans Jordan on May 31, 1959. An earlier patent issued to Jordan and licensed to this defendant, No. 2,670,143, was the basis of two earlier suits between these same parties. The first, described as the Wisconsin suit, was filed by this defendant against this plaintiff in the United States District Court for the Eastern District of Wisconsin on November 26, 1958, Civil Action No. 58–C–338, and charged a breach of contract consisting in a failure to pay royalties under an alleged license agreement between the parties under this earlier Jordan patent. The second action, also filed by this defendant against the plaintiff, charged simple infringement of the same patent, upon the theory that the license agreement was terminated. This second suit was filed on May 30, 1959, in the United States District Court for the Southern District of California, Civil Action No. 291–59–K, and is described as the California suit. In both actions the present plaintiff interposed counterclaims. In both, the principal issue was the plaintiff's alleged use of a rubber splash guard in the disposer opening, allegedly protected by this earlier patent.

These two proceedings were disposed of without adjudication when on March 29, 1962, the parties entered into an agreement of compromise and settlement. The instrument recites in a preamble the pendency of these Wisconsin and California suits and the desire of the parties to settle and terminate them. This preamble also states that In-Sink-Erator is the owner of Patent No. 2,814,449, known as the Wieczorek patent, and that Waste King is the exclusive licensee of the earlier Jordan patent, and declares that the parties desire mutual paid-up, non-exclusive, non-cancellable licenses under these patents. Finally, the preamble states that it is the desire of In-Sink-Erator to óbtain "a release of all possible liability arising out of the facts pleaded and involved in the Wisconsin case and the California case."

In effectuation of these mutual desires, the compromise agreement contains four operative paragraphs. The first provides for the payment of $75,000 by In-Sink-Erator to Waste King "in full payment of any * * * liability of any kind whatsoever which may accrue, or which may have accrued * * * up to and including the date hereof, from * * * any alleged breach of contract, from any alleged infringement of any of the claims of said Jordan patent, or arising from any of the facts pleaded in the Wisconsin case or the California case." Paragraph 3, upon which the plaintiff now relies, provides that each party releases the other "of all, and from all, and all manner of action and actions, cause and causes of action, claims and demands, whatsoever, in law or in equity, that it ever had, nor has, or hereafter may have, arising from any alleged infringement of any of the claims of the Jordan patent or arising from any of the facts pleaded in the Wisconsin case or the California case."

The succeeding two paragraphs contain mutual grants between the parties of non-cancellable, paid-up licenses under Waste King's Jordan patent and In-Sink-Erator's Wieczorek patent and under any other patents the parties may have or acquire which "define substantially the same subject matter as any claim or claims" of the named patents.

Broadly summarized, these provisions reflect a mutual purpose of the parties to settle all points of controversy between them, and to allow each to continue its business as then carried on, without concern about the other's patents or other claims. It is the settled policy of the law to encourage voluntary compromise of civil disputes, and a compromise has many of the attributes of a final judgment. See Baker v. Philbin, 97 Cal.App.2d 393, 218 P.2d 119 (1950); Shriver v. Kuchel, 113 Cal.App.2d 421, 248 P.2d 35 (1952). Under accepted principles, a plaintiff is forbidden to split his cause of action, to maintain two suits on the same wrongful conduct of the defendant. A judgment in a suit asserting a portion of the claim is conclusive on the whole. See Restatement, Judgments § 62 (1942); F. L. Mendez & Co. v. General Motors Corporation, 161 F.2d 695 (7 Cir. 1947); Cleveland v. Higgins, 148 F.2d 722 (2 Cir. 1945). The principle is fully applicable in patent litigation. See Hubbell v. United States, 171 U.S. 203, 18 S.Ct. 828, 43 L.Ed. 136 (1898); Buchanan v. General Motors Corp., 158 F.2d 728 (2 Cir. 1947); Cold Metal Process Co. v. United Engineering & Foundry Co., 83 F.Supp. 914 (W.D.Pa.1938).

Here this general policy is reinforced by the specific agreement of the parties to dispose not only of the claims actually asserted in the suits but also of all claims "arising from any of the facts pleaded", whether asserted as claims for recovery or not. The complaint in the California case charged that In-Sink-Erator "has infringed and is still infringing * * * and has derived unlawful benefits and profits from such infringement, which the plaintiff would otherwise have received", thus charging the manufacture of competing articles or products. The answer and counterclaim in that suit makes repeated descriptive references to the "accused waste disposer units manufactured and sold by" In-

**58**

Sink-Erator. In the pre-trial conference proceedings in the California suit, Waste King specifically identified the models of In-Sink-Erator disposers that were charged to infringe, and this specification was carried into the judge's pre-trial order, thereby supplementing the pleadings under Rule 9(j) of the local Rules of the United States District Court for the Southern District of California where the order was entered. The elements and features which Waste King now charges constitute infringement of the later Jordan patent were embodied in the In-Sink-Erator disposers charged in the California suit as infringements of the earlier patent. Since the current claim arises from elements of the same device pleaded as infringing in the California suit, it falls within the scope of the agreement barring claims "arising from any of the facts pleaded" in that suit.

■ No other reading of the agreement would give any reasonable meaning to that clause. It is common ground between the parties that the agreement is governed by the law of California, which admonishes, "it is * * * the duty of a court to so construe a written instrument as to give force and effect not only to every clause but to every word in it, so that no clause or word may become redundant * * *." McGaw v. Master Craft, 105 Cal.App.2d 304, 233 P.2d 185 (1951).

■ Although no offense to the parol evidence rule is involved in the consideration of documents which, like the court records here, are specifically incorporated by reference into the agreement of the parties, it is conceded that no evidence of prior or contemporaneous understandings or negotiations may be received to alter or vary the terms of the written agreement. See In re Gaines' Estate, 15 Cal.2d 255, 100 P.2d 1055 (1940). No question is raised, therefore, concerning the exclusion of the defendant's proffered evidence within this rule.

Since the release constitutes a bar to the assertion of the defendant's claim of infringement, it is unnecessary to proceed to trial on the issues presented by Count I of the complaint or by the counterclaim. A final judgment order is accordingly entered herewith. In accordance with the provisions of Rule 52 of the Federal Rules of Civil Procedure, this memorandum embodies the court's findings of fact and conclusions of law.