Justice Scalia,
concurring in the judgment.
I agree with the Court’s rejection of the proposition that a judgment denying a federal claim is irrebuttably presumed to have been “adjudicated on the merits” within the meaning *307 of 28 U. S. C. § 2254(d). I disagree, however, that one of the grounds on which the rebuttal may rely is that the federal claim was “inadvertently overlooked.” Ante, at 303. In my view the rebuttal must consist of a showing, based on the explicit text of the court’s order, or upon standard practice and understanding in the jurisdiction with regard to the meaning of an ambiguous text, that the judgment did not purport to decide the federal question. “Decided after due consideration” is not, and has never been, the meaning of the legal term of art “decided on the merits,” and giving it that meaning burdens our lower courts with an unusual subjective inquiry that demeans state courts and will be a fertile source of litigation and delay.
In the Court’s view, a habeas petitioner receives de novo review if he can prove that the state court, although addressing his state claim, overlooked his federal claim. A nonex-haustive list of factors, we are told, may bear on the analysis: state-court opinion-writing practices, ante, at 298-299; state-law precedents and whether and how they incorporate federal law, ante, at 298; substantiality of the federal claim, ante, at 299-300; citations to federal cases in state-court opinions (or citations to state cases that contain citations to federal cases), ante, at 304-305; the degree of similarity between the federal and state claim, ante, at 305-306; a petitioner’s “litigation strategy,” ante, at 306; and other clues that may possibly illuminate the inner thought processes of a state-court judge. Only after conducting its own detective work does the Court conclude that the federal claim was not overlooked in this case.
This complex exercise is unnecessary. A judgment that denies relief necessarily denies—and thus adjudicates—all the claims a petitioner has raised. See 1 H. Black, Law of Judgments § 1, p. 2 (2d ed. 1902) (“[T]he judgment necessarily affirms, or else denies, that [an alleged] duty or ... liability rests upon the person against whom the aid of the law is invoked”); id., § 24, at 37. The judgment itself gives conclusive expression that the claims have been considered and *308 rejected—whatever the individual judge might have been pondering (or not pondering). At common law the formal language traditionally preceding the announcement of a court’s judgment was “consideratum est per curiam” (“It is considered by the court”). See Black’s Law Dictionary 349-350 (9th ed. 2009); 1 Bouvier’s Law Dictionary 619 (8th ed. 1914).
The Court maintains that “[i]f a federal claim is rejected as a result of sheer inadvertence, it has not been evaluated based on the intrinsic right and wrong of the matter,” ante, at 302-303. Perhaps not, but it nonetheless may have been rejected “on the merits.” That phrase does not suggest a line between a considered rejection of a claim and an unconsidered, inadequately considered, or inadvertent rejection. Rather, it refers to a “determination that there exist or do not exist grounds entitling a petitioner” to relief under his claim, as contrasted with a “denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.” Gonzalez v. Crosby, 545 U. S. 524, 532, n. 4 (2005). An “adjudication on the merits” is “best understood by stating what it is not: it is not the resolution of a claim on procedural grounds.” Muth v. Frank, 412 F. 3d 808, 815 (CA7 2005). And, as we have affirmed and reaffirmed recently, where a claim has been denied, but it is unclear from the record whether the denial was on the merits or on another basis, we presume the former. Harrington v. Richter, 562 U. S. 86, 99 (2011) (citing Harris v. Reed, 489 U. S. 255, 265 (1989)); see also Coleman v. Thompson, 501 U. S. 722, 732-733 (1991).
We apply a presumption of merits determination in that sense not just with respect to § 2254(d) but for other purposes as well. We have long applied it, for example, in determining whether a claim is barred by res judicata:
“Ordinarily, such a question is answered by a mere inspection of the decree—the presumption being that a dismissal in equity, without qualifying words, is a final decision on the merits. That presumption of finality... *309 disappears whenever the record shows that the court did not pass upon the merits but dismissed the bill because of a want of jurisdiction, for want of parties, because the suit was brought prematurely, because the plaintiff had a right to file a subsequent bill on the same subject-matter, or on any other ground not going to the merits.” Swift v. McPherson, 232 U. S. 51, 55-56 (1914) (emphasis added).
See also Hubbell v. United States, 171 U. S. 203, 207 (1898); Durant v. Essex Co., 7 Wall. 107, 109 (1869).
We also apply a presumption of merits determination in the sense I have described for purposes of 28 U. S. C. § 1257, which imposes a federal-question requirement as a condition of this Court’s appellate jurisdiction. Michigan v. Long, 463 U. S. 1032, 1040-1041 (1983). Indeed, the application of the presumption in direct-review cases was the genesis of the presumption in federal habeas cases. The condition for federal habeas—that the federal question must have been addressed on the merits by the state courts—did not originate with the enactment of the Antiterrorism and Effective Death Penalty Act in 1996 (AEDPA), but was established as early as 1977 in Wainwright v. Sykes, 433 U. S. 72, 81, 86-87. We described the assessment of whether that requirement was met as presenting “the same problem of ambiguity that this Court resolved in Michigan v. Long” Harris, 489 U. S., at 262. And indeed, we described the habeas requirement as an application of the “adequate and independent state ground doctrine,” which inquires whether a “finding of procedural default will bar federal habeas review.” Ibid. It is of course unthinkable that a state-court resolution of a federal question will escape our review under § 1257 if it is inadvertent rather than intentional.
Given this background, there is no reason to believe that AEDPA established a new and peculiar regime in which the federal habeas court must make one assessment of whether the federal question has been decided “on the merits” for *310 purposes of determining its authority to review the question (a Long assessment which counts, as § 1257 cases count, inadvertent resolution of a federal question); and then must proceed to a different assessment of “on the merits” (one that does not count inadvertent resolution) for purposes of determining whether deference to the state-court judgment is required.
But, it will be argued, how can a court “defer” to a state-court determination that was in fact never made? Must not one first be sure it exists before one can accord it respect? The answer is no; according respect only to determinations that have for sure been made is demonstrably not the scheme that AEDPA envisions. Federal habeas courts defer to state determinations that may in fact never have been made whenever they find a summary, unexplained rejection of a federal claim to be sustainable (e. g., not contrary to clearly established federal law as determined by this Court). The validating basis that the federal habeas court posits need not have been the one that the state court actually relied upon; the state court may well have applied a theory that was flat-out wrong, and may not have made the subsidiary determinations (including factual assessments) necessary to support the correct theory. That does not matter. For what is accorded deference is not the state court’s reasoning but the state court’s judgment, which is presumed to be supported by whatever valid support was available. See Harrington, supra, at 102 (“Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court’s decision”). Indeed, the deference with regard to the basis of decision is much more “blind” than the deference I assert is necessary in the present case. I demand a state-court statement (contained in the unqualified terms of its judgment) that it has rejected the federal claim; I simply refuse to question the veracity of that statement. By contrast, no statement is ever even required that the state court relied upon the theory of federal law that the habeas court finds validating.
*311 I doubt that the Court is prepared to abide by its novel interpretation of “on the merits” for purposes of § 2254(d). Imagine that the state court formulated its judgment as follows: “All claims raised by the. defendant have been considered and denied.” I cannot believe that the Court would require federal courts to test the veracity of that statement. Yet, as we have described, that is precisely what an (unadorned) judgment denying relief already conveys. Although the Court acknowledges that “‘[w]e have no power to tell state courts how they must write their opinions/” ante, at 300, its analysis would turn solely on how the order of judgment is styled.
Resolution of this case is direct: Respondent’s claim was “adjudicated on the merits,” because the state court rendered a judgment rejecting all her claims, and the judgment gave no indication (such as a statement that it was “without prejudice”) that it was based on a procedural or other non-merits ground.
The Court’s novel resolution of the “on the merits” question produces a clear enough answer in this case. The weight of the evidence demonstrated that it was “exceedingly unlikely” that the state court overlooked the federal claim. Ante, at 306. But such ready resolution will not be commonplace. Consider another case, where the federal and state claims are not related, where there is no relevant state precedent referring to federal law, where state law might be interpreted as less defendant-friendly than the federal standard, or where a confluence of such factors exists. The answer to whether the federal claim has been “evaluated based on the intrinsic right and wrong of the matter” is anybody’s guess. One thing, however, is certain: The Court’s case-by-case approach will guarantee protracted litigation over whether a state-court judge was aware of a claim on the day he rejected it.
The Court tells us not to worry about a flood of litigation, because the Courts of Appeals have previously allowed argu *312 ments from petitioners that the state courts overlooked their federal claims. Ante, at 303, and n. 4 (citing cases). But many of those cases applied a much simpler (and even less justifiable) test than the one adopted today: If the federal claim was not addressed in the opinion, then it was not adjudicated on the merits. See, e. g., Lyell v. Renico, 470 F. 3d 1177, 1181-1182 (CA6 2006); Fortini v. Murphy, 257 F. 3d 39, 47 (CA1 2001). And even those courts that attempted to “divinje] the thought processes of” the judge limited their inquiry to “what a state court has said.” Brown v. Luebbers, 371 F. 3d 458, 461 (CA8 2004) (emphasis added); see also, e. g., Chadwick v. Janecka, 312 F. 3d 597, 606 (CA3 2002). By contrast, the Court today asks whether a judge thought about the merits of an unaddressed claim, and leaves on the table any evidence relevant to that inquiry.
This newly-sponsored enterprise of probing the judicial mind is inappropriately intrusive upon state-court processes. Are federal habeas courts now to consider evidence relevant to the internal deliberations of the state judiciary? Can a petitioner introduce testimony showing that state-court judges—because of time constraints, heavy caseloads, or other reasons—fail to read the briefs but leave that to their assistants, whose recommendations they rarely reject? Or testimony showing that, typically, only one judge on the state-court appellate panel reads the briefs and considers all the claims, and the others simply join the drafted order? Has there been an “adjudication on the merits” then? Future litigation will supply the answers.
For these reasons, I do not join the opinion of the Court and concur only in the judgment.