John J. DAVIS, Appellant,

v.

McKINNON & MOONEY, a corporation, L. A. McKinnon, Mary Alice Lacey, Arthur N. Gosline, Jr., and Valeria Guest, Appellees.

No. 13632.

United States Court of Appeals
Sixth Circuit.

May 28, 1959.

---

T. R. Zettelmeyer, Willoughby, Ohio, William E. Speer, Detroit, Mich., on brief, for appellant.

James M. Pearson, Flint, Mich., for appellees.

Before MARTIN, Chief Judge, ALLEN, Circuit Judge, and MATHES, District Judge.

FLORENCE E. ALLEN, Circuit Judge.

The United States District Court dismissed appellant's complaint in this action on the ground that the cause set forth therein had been adjudicated by the courts of the State of Ohio.

On October 23, 1954, in Lake County, Ohio, appellant was injured in an automobile accident. He filed an action against one Thomas Fitzgerald in the Common Pleas Court of Lake County and secured a judgment for $10,000 against Fitzgerald. Asserting that Fitzgerald was insured against casualty liability by Fireman's Fund Indemnity Company, hereinafter called Indemnity Company, appellant, in accordance with Section 3929.06 Ohio Revised Code, filed a supplemental petition against the Indemnity Company seeking payment of the judgment. In that action the defense of the Indemnity Company was that, because of nonpayment of premiums, the policy issued to Fitzgerald had been canceled prior to the date of the accident. Appellant contended that the cancellation of

the policy was fraudulent. The jury returned a special verdict answering numerous interrogatories submitted by the Indemnity Company, finding in substance that Fitzgerald had not paid the Indemnity Company monthly premiums in accordance with the contract, that the policy had been canceled October 17, 1954, in accordance with its terms, and that due notice had been mailed to and delivered at Fitzgerald's last known address. The state court entered judgment for the Indemnity Company and against appellant and Fitzgerald, holding in substance that the policy issued by the Indemnity Company to Fitzgerald was properly canceled, effective October 17, 1954, in accordance with the condition contained in the policy and that by reason of such cancellation the policy was not in force or effect on October 23, 1954, the date of the automobile accident.

In the action appealed from herein filed in the District Court appellant contends in substance that appellee McKinnon & Mooney fraudulently conspired to manufacture evidence depriving appellant of a recovery under the supplemental petition in the state court.

Appellees pleaded res judicata in their affirmative defense and also filed a motion to dismiss the action on the ground of res judicata and estoppel by judgment. This motion was sustained by the District Court, which in its opinion stated that the "Issue of fraudulent evidence of policy cancellation was thoroughly argued in Ohio Circuit Court proceedings. That Court determined that there has been no prejudicial error in Common Pleas Court." It was also shown that the Supreme Court of Ohio denied a motion for certiorari.

The record in the Lake County, Ohio, court, together with appellant's briefs in the appellate courts of Ohio, was filed in the office of the Clerk of the District Court prior to the hearing therein. Although new allegations as to fraud were made in appellant's petition in the federal court, appellant's briefs in the state courts raised the specific question of fraudulent cancellation of the policy reiterated here. Appellant contends that the issue of fraud set forth herein was not presented in the Ohio courts, pointing out that his supplemental petition sounded in contract while the instant action sounds in tort, and also that the parties are not identical.

This contention has no merit. The attack upon the cancellation of the policy made in the state court was based upon alleged fraud. The jury had appellant's evidence on that issue before it when it found in the special verdict that the policy had been canceled in accordance with the contract. The doctrine of res judicata is applied to issues of fraud. Heiser v. Woodruff, 327 U.S. 726, 736, 66 S.Ct. 853, 90 L.Ed. 970.

It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief. 30A Am.Jur. 411, Section 371.

It is immaterial that in the interim between the Lake County trial, which terminated in October, 1955, and the hearing in the instant case, appellant restated his theory of the alleged fraud practiced in cancellation of the policy, setting forth further details and including different parties, namely, McKinnon & Mooney, conceded to be agent of the Indemnity Company, and McKinnon & Mooney's employees. The jury could not

have rendered its special verdict in the Lake County case without disposing of the issue of fraud in the cancellation of the policy favorably to the Indemnity Company. The fact that appellant has changed his action from contract to tort is not controlling. 30A Am.Jur. 415, Section 371, note 4. Wolfson v. Northern States Management Company, 221 Minn. 474, 477, 22 N.W.2d 545. The fact that appellant advances new arguments here is also immaterial. Parnacher v. Mount, Okl.1956, 306 P.2d 302, 304. Cf. Metropolitan Life Insurance Company v. Pribble, Tex.Civ.App., 130 S.W.2d 332.

Since the Indemnity Company's defense against appellant was sustained in the state court, under the rule in force in a number of jurisdictions appellees may avail themselves of the doctrine of res judicata although they are not privies of the Indemnity Company. Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892, gives an excellent discussion of the entire question. The court declares, 122 P.2d at page 894:

"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. Coca Cola Co. v. Pepsi-Cola Co., supra [6 W.W.Harr. 124, 36 Del. 124, 172 A. 260]. See cases cited in 24 Am. & Eng. Encyc., 2d Ed., 731; 15 Cinn.L.Rev. 349, 351; 82 Pa.L. Rev. 871, 872. He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. *Ibid.* There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. See 7 Bentham's Works, Bowring's Ed., 171. Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. Coca Cola Co. v. Pepsi-Cola Co., supra; Liberty Mutual Ins. Co. v. George Colon & Co., 260 N.Y. 305, 183 N.E. 506; Atkinson v. White, 60 Me. 396; Eagle, etc. Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490; Jenkins v. Atlantic Coast Line R. Co., 89 S.C. 408, 71 S.E. 1010; United States v. Wexler, D.C., 8 F.2d 880. See Good Health Dairy Products Corp. of Rochester v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401. The commentators are almost unanimously in accord. 35 Yale L.J. 607; 9 Va.L.Reg. (N.S.) 241; 29 Ill.L.Rev. 93; 18 N.Y.U.L.Q.R. 565, 570; 12 Corn.L.Q. 92. The courts of most jurisdictions have in effect accomplished the same result by recognizing a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts. See cases cited in 35 Yale L.J. 607, 610; 9 Va.L.Reg. (N.S.) 241, 245–247; 29 Ill.L.Rev. 93, 94; 18 N.Y. U.L.Q.R. 565, 566, 567; 34 C.J. 988, 989. * * * The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries."

The judgment of the District Court is affirmed.