**McKINNON AND MOONEY, a Michigan Corporation, Plaintiff-Appellee,**

v.

**FIREMAN'S FUND INDEMNITY COMPANY, a foreign corporation authorized to do business in Michigan, Defendant-Appellant.**

No. 14290.

United States Court of Appeals
Sixth Circuit.

March 21, 1961.

John Purcell, Saginaw, Mich. (Heilman & Purcell, Saginaw, Mich., on the brief), for defendant-appellant.

L. Keith Borgerson, Flint, Mich., for plaintiff-appellee.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Plaintiff-appellee, as agent for The Fireman's Fund Indemnity Company, defendant-appellant, issued a liability policy for the appellant on an automobile owned by one Fitzgerald. On October 17, 1954, it cancelled the policy for non-payment of premium. On October 23, 1954, Fitzgerald was involved in an automobile accident in which one Davis was injured.

Davis recovered a $10,000.00 judgment in the state court against Fitzgerald, and thereafter filed a supplemental peti-

tion against the Indemnity Company asserting that Fitzgerald was covered by the insurance policy of the Indemnity Company in that the alleged cancellation of the policy was fraudulent. At the request of the Indemnity Company, appellee's employees testified in this action with respect to the cancellation of the policy. The Indemnity Company was successful in its defense of the action.

Thereafter, Davis sued appellee in the United States District Court alleging that appellee fraudulently conspired to manufacture evidence depriving him of a recovery under the supplemental petition in the state court. Appellee notified the Indemnity Company of this suit and requested it to defend the action, which the Indemnity Company refused to do. Appellee employed its own attorney and successfully defended this action on the ground of res judicata. See Davis v. McKinnon & Mooney, 6 Cir., 266 F.2d 870. The attorney submitted his bill for attorney's fee for his services in the matter and expenses in the amount of $5,236.09, which the appellee paid. Appellee then brought the present action against the Indemnity Company for reimbursement of this expense.

The District Judge rendered judgment for the appellee in the amounts of $4,000.00 for a reasonable attorney's fee plus $500.00 for expenses. This appeal followed.

■ ■ We agree with the reasoning of the District Judge that an agent may recover from his principal any expenditures necessarily incurred in the transaction of his principal's affairs and that under this well settled rule of principal and agent, an agent, compelled to defend a baseless suit, grounded upon acts performed in his principal's business, may recover from the principal the reasonable and necessary expenses of his defense. Admiral Oriental Line v. United States, 2 Cir., 86 F.2d 201, 202; Bibb v. Allen, 149 U.S. 481, 498–499, 13 S. Ct. 950, 37 L.Ed. 819.

The judgment is affirmed.