John OLCHOWIK, Plaintiff–Appellant,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, a labor organization and its local affiliate; Local 80, Sheet Metal Workers' International Association, Defendants–Appellees.

No. 88–1014.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1988.

Decided May 22, 1989.

Rehearing and Rehearing En Banc Denied Aug. 2, 1989.

See also, D.C., 655 F.Supp. 112.

**556**

Robert J. Dinges (argued), Robert J. Dinges & Associates, Detroit, Mich., for plaintiff-appellant.

Donald W. Fisher (argued), Donald W. Fisher Co., L.P.A., Toledo, Ohio, Roger J. McClow (argued), Southfield, Mich., for defendants-appellees.

Before MERRITT, MARTIN and JONES, Circuit Judges.

MERRITT, Circuit Judge.

John Olchowik appeals from a District Court Order dismissing his suit against Sheet Metal Workers' International and its Local 80 under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(5).[1] Olchowik filed this suit seeking damages for his expulsion from the Union on charges levied against him, as he alleges, in violation of the LMRDA's procedural guarantees.

## FACTUAL AND PROCEDURAL HISTORY

Olchowik was a supervisory employee of the Limbach Company and a Union member when he recommended to Limbach that another Union member, Donald Heider, not be recalled from layoff status. Local officials gave Olchowik written notice of the charge that his role in the "Heider incident" violated Union rules. At the Trial Board Hearing on that charge, six additional charges were announced (e.g., slander of Heider and of the Union official who brought the charges, failing to protect union work, working overtime without pay, permitting unsafe working conditions). The Trial Board found Olchowik guilty of all charges except slander and expelled

him. The International denied Olchowik's appeal from this sanction.

Olchowik filed an unfair-labor-practice charge with the NLRB which eventually resulted in an NLRB Decision and Order in his favor. The NLRB held that, by expelling Olchowik for his involvement in the Heider incident, the Union had restrained Limbach from the selection of a representative for the adjustment of grievances—a violation of § 8(b)(1)(B) of the NLRA. The NLRB found that the oral charges against Olchowik were "afterthoughts" and did not displace its finding of a violation.

By the time of that Order Olchowik had filed this action in federal district court, charging that his expulsion for the oral charges violated his due process rights under the LMRDA, and had won summary judgment on the question of liability. The District Judge held, however, that the NLRB Order precluded a decision in Olchowik's favor in the LMRDA action, in that the Board had found that Olchowik was expelled for the Heider incident (a charge on which he had been provided the notice and hearing required by the LMRDA) *and not* for any of the oral charges (on which Olchowik claims a violation of his statutory due process rights). He therefore dismissed Olchowik's LMRDA action in its entirety.

Before this case was dismissed, Olchowik requested a jury trial and the District Judge granted his request. By a clear inadvertance, an order reflecting this ruling was formally filed after the case had been dismissed.

## ISSUES ON REVIEW

The central question before us is whether, on the record in this case, the doctrine of issue preclusion operates to bar Olchowik from raising his claim that he was expelled from the Union on the grounds of the oral charges. The defendants urge us to affirm the dismissal on grounds of issue

1. Section 411(a)(5) of the LMRDA reads as follows: No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

preclusion or, alternatively, on grounds of judicial estoppel or of a time bar. In addition, Olchowik asks us to affirm the tardily-filed order granting him a jury trial.

## ISSUE PRECLUSION

■ We do not doubt that, in an appropriate case, a factual determination by the NLRB will be binding, by the doctrine of issue preclusion, on a federal court in another action. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Constr. Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *Tipler v. E.I. duPont deNemours and Co.*, 443 F.2d 125, 128 (6th Cir.1971). Further, an issue may be precluded notwithstanding the fact that the later action is brought under a different statute. *Davis v. McKinnon & Mooney*, 266 F.2d 870 (6th Cir.1959). Thus, a factual determination by the NLRB in an action under the NLRA may preclude a federal court, hearing a case under the LMRDA, from considering renewed dispute about that fact. An LMRDA action was held to be precluded by a prior NLRB decision where the wrong alleged in the two cases was identical. *Frye v. United Steelworkers of America*, 767 F.2d 1216, 1221 (7th Cir.), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 461 (1985). And a later LMRDA action was precluded by an earlier NLRB finding that the plaintiff's injury was due to on-the-job misconduct *and not* to union activity or union membership. *Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir.), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972).

These authorities do not impose a *per se* rule requiring issue preclusion where a subsequent LMRDA action involves the same general fact situation as a prior NLRB decision under the NLRA, however. They merely require us to impose the classic test for issue preclusion to the precise

fact that, as one party asserts, may be precluded. That test can be broken down into three steps: 1) is the issue identical to that actually decided by another decision-maker? 2) was the issue necessary to the earlier judgment? and 3) did the party against whom preclusion would operate have a full and fair opportunity to litigate the issue? *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

Applying issue preclusion analysis to the facts of a given case may reveal that the NLRB's judgment under the NLRA did not involve the issue sought to be precluded. For instance, this circuit has held that, although the NLRB had found that an employee was dismissed because of his organizing activities, the employee was not precluded from asserting, in the litigation of a claim under Title VII, 42 U.S.C. § 2000e *et seq.*, that his dismissal was caused by racial prejudice. *Tipler*, 443 F.2d at 129. The *Tipler* court noted that, while the NLRA prohibits racially discriminatory employment practices that interfere with employees' right to organize, Title VII bars race discrimination in employment without that limiting element. Thus, "certain discriminatory practices that are valid under the National Labor Relations Act may be invalid under Title VII." *Id.* The court reasoned that, because the NLRA had not been required to decide, and did not actually decide, whether the defendant was free of any racial motive in its action against the plaintiff, the NLRA's determination was not binding in the later Title VII action. *Id.*

Like Title VII, the LMRDA both overlaps with the NLRA and goes beyond it to regulate substantially different problems in the relation between employee and union. The special purview of the LMRDA is the procedural rights it vests in employees, and jurisdiction over these rights has repeatedly been held not to be preempted by the NLRA. The Supreme Court, holding that the scope of the NLRB's exclusive jurisdiction does not extend to the LMRDA and thus does not oust the federal courts of their statutory jurisdiction over the latter, has said:

[T]he critical question in this action is whether [plaintiff] Hardeman was afforded the rights guaranteed him by § 101(a)(5) of the LMRDA. If he was denied them, Congress has said that he is entitled to damages for the consequences of that denial. Since these questions are irrelevant to the legality of conduct under the National Labor Relations Act, there is no danger of conflicting interpretation of its provisions.

*Int'l Bhd. of Boilermakers v. Hardeman,* 401 U.S. 233, 241, 91 S.Ct. 609, 614–15, 28 L.Ed.2d 10, *reh'g denied,* 402 U.S. 967, 91 S.Ct. 1607, 29 L.Ed.2d 132 (1971). *See also Quinn v. DiGiulian,* 739 F.2d 637 (D.C. Cir.1984); *Benda v. Grand Lodge of Int'l Assoc. of Machinists & Aerospace Workers,* 584 F.2d 308, 313–14, 314 n. 2 (9th Cir.1978), *cert. denied,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979); *Vandeventer v. Local Union No. 513, Int'l Union of Operating Eng'rs, AFL–CIO,* 579 F.2d 1373, 1376–79 (8th Cir.), *cert. denied,* 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978). Thus, it is entirely possible that, even though an unfair-labor-practice claim under the NLRA and a procedural-rights claim under the LMRDA both arise from a union's single punitive action against a member, the two involve distinct factual issues.

■ We conclude that this possibility is realized in the present case. Here, Olchowik prevailed in his unfair-labor-practice claim because the NLRB found that the Heider incident was "the central focus" of the Union's proceedings against him. This determination was necessary to the NLRB's holding because, in order to find that the Union committed an unfair labor practice under § 8(b)(1)(B), the NLRB is required to find that the plaintiff was disciplined for "behavior that occurs *while he or she is engaged in § 8(b)(1)(B) duties*— that is, 'collective bargaining or grievance adjustment, or . . . any activities related thereto.'" *National Labor Relations Board v. Int'l Bhd. of Elec. Workers, Local 340,* 481 U.S. 573, 582, 107 S.Ct. 2002, 2008, 95 L.Ed.2d 557 (1987) (emphasis and ellipsis in original). There is no requirement, however, that the discipline be for such activity *and for no other activity.* A

determination that the oral charges had no effect on the Union's decision to expel Olchowik, therefore, was not necessary to its resolution of Olchowik's unfair-labor-practice complaint.

Furthermore, the NLRB did not actually resolve the issue before the court in the present litigation. The Board did not find that Olchowik was expelled for the Heider incident *and only for the Heider incident.* Rather, it found that the Heider incident was "the central focus" and that the oral charges "were clearly afterthoughts." *Local Union No. 80, Sheet Metal Workers' Int'l Ass'n v. Olchowik,* 285 NLRB No. 66 at 7. In a footnote it recognized that "Olchowik was further accused and found guilty of" several of the oral charges. *Id.* at 7 n. 7. We conclude that the NLRB Order finds that the Heider incident was the predominant but not the sole cause of Olchowik's expulsion. That finding does not preclude a later finding that Olchowik's expulsion also punished conduct described in the oral charges. Indeed, the oral charges of which Olchowik was found guilty may well have been what caused the Union's Trial Board to expel him rather than to apply some lesser sanction. But even if that were not found to be the case, this record unequivocally discloses that the Union found Olchowik guilty of misconduct both in the Heider incident and on several of the oral charges.

Both the Union and the NLRB have acknowledged that there were two concurrent causes for Olchowik's expulsion. Nothing in the record convinces us that these causes are in any way inconsistent or mutually exclusive. The NLRA protects him from disciplinary action for one cause; the LMRDA protects him from disciplinary action for the other. We hold that the NLRB's decision under the former statute does not preclude Olchowik from asserting his rights under the latter. We further hold that there is no inconsistency in Olchowik's claims that would warrant our finding that he is judicially estopped from seeking a remedy for the violation of his procedural rights under the LMRDA.

Nor do we choose to affirm the dismissal on the alternate grounds that the statute of limitations ran before Olchowik filed suit in

federal court, as Local 80 asks us to do. The District Court has held that Olchowik is not time-barred from bringing this suit. R. 12. The time for an appeal from this ruling would be after a final judgment of the District Court in Olchowik's favor, if one is ever entered. We decline to anticipate such an appeal today.

## JURY TRIAL

We are assured by the parties that the District Court Judge granted Olchowik's motion for jury trial before he dismissed the action. It appears clear, then, that a mere clerical inadvertence caused the order reflecting that ruling to be filed late, after the court had explicitly ruled that the action was dismissed in its entirety. We are confident in concluding that the order dismissing the action was a final order, vesting us with unimpaired jurisdiction under 28 U.S.C. § 1291. We decline to rule on the merits of the jury trial issue, leaving to the District Court the question whether its jury-trial order is binding on further proceedings in this matter.

## CONCLUSION

We vacate the District Court's order dismissing Olchowik's suit under the LMRDA, and remand for proceedings not inconsistent with this opinion.